**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br><br>4402 MAMMOTH INVESTORS, LLC | **DEFENDANTS**<br><br>STONEHAVEN, LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>MARK T. YOUNG (Bar No. 89951) of DONAHOE & YOUNG LLP<br>25152 Springfield Court, Suite 345, Valencia, California 91355-1081<br>Telephone: 661.259.9000 / Facsimile: 661.554.7088<br>E-mail: myoung@donahoeyoung.com | **ATTORNEYS** (If Known)<br>Michael H, Weiss<br>6310 San Vincente Blvd, Suite 401, Los Angeles, California 90048<br>Telephone : 424-245-3100 |
| **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint for Temporary Restraining Order and Preliminary Injunction Restraining Stonehaven, LLC from Enforcing Judgment on Personal Guaranty Against Debtor's Prinicipal

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
[2] 71-Injunctive relief – imposition of stay
[1] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ N/A (injunction only) |

Other Relief Sought

Temporary Restraining Order and Preliminary Injunction only

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>4402 MAMMOTH INVESTORS, LLC | BANKRUPTCY CASE NO.<br>2:18-bk-12055-WB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>J. Brand |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*/s/ Mark T. Young* | | |
| DATE<br><br>August ___28___, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Mark T. Young of Donahoe & Young LLP | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

MARK T. YOUNG (Bar No. 89951)
TAYLOR F. WILLIAMS (Bar No. 281331)
MARIA L. GARCIA (Bar No. 276135)
DONAHOE & YOUNG LLP
25152 Springfield Court, Suite 345
Valencia, California 91355-1081
Telephone: 661.259.9000 / Facsimile: 661.554.7088
E-mail: myoung@donahoeyoung.com; mgarcia@donahoeyoung.com

Counsel for Plaintiff/Debtor/Debtor in-Possession
4402 MAMMOTH INVESTORS, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**4402 MAMMOTH INVESTORS, LLC,**<br><br>Debtor.<br><br>**4402 MAMMOTH INVESTORS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**STONEHAVEN, LLC,**<br><br>Defendant. | Case No. 2:18-bk-12055-WB<br>[Chapter 11]<br><br>Adv. No.<br><br>**COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION RESTRAINING STONEHAVEN, LLC FROM ENFORCING JUDGMENT ON PERSONAL GUARANTEE AGAINST DEBTOR'S PRINCIPAL**<br><br>[Status Conference To Be Set by Summons] |

Plaintiff/Debtor/Debtor-in-Possession 4402 MAMMOTH INVESTORS, LLC ("Mammoth") alleges as follows:

## GENERAL ALLEGATIONS

**A.    Jurisdiction; Venue; Core Status**

1.    This adversary proceeding arises in and relates to the Chapter 11 case of 4402 MAMMOTH INVESTORS, LLC pending in the United States Bankruptcy Court, Central District of California, Los Angeles Division (Case No. 2:18-bk-12055-WB).

2. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157(a,b), 1334(b), and 1367, and 11 U.S.C. §105.

3. Venue in this district is proper pursuant to 28 U.S.C. §1409(a).

4. This adversary proceeding is a "core proceeding" pursuant to 28 U.S.C. §157(b)(2)(A,O). Accordingly, this Court may hear and finally determine all claims and issues raised in this adversary proceeding.

5. Pursuant to F.R. Bank.P. Rule 7008, Plaintiff consents to entry of final orders and judgments by this Court.

**B.    Identification of Parties, Guarantor, and Property**

6. Plaintiff 4402 MAMMOTH INVESTORS, LLC is, and at all relevant times was, a California limited liability company operating in Los Angeles County.

7. Defendant STONEHAVEN, LLC ("Stonehaven") is, and at all relevant times was, a California limited liability company doing business in Los Angeles County, California.

8. ARTHUR ASLANIAN ("Aslanian") is, and at all relevant time was, an individual residing in Los Angeles County, California and the sole Manager of Mammoth. In such capacity, Aslanian oversees all of Mammoth's day-to-day business affairs, and makes all business decisions for Mammoth. Aslanian also owns all of the membership interests in Mammoth, along with his wife.

9. This adversary proceeding concerns real property commonly known as 120 Stonehaven Drive, Los Angeles, California 90049 ("the Property"), more particularly described as:

> Lot 234 of Tract No. 7840, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 105 Pages 5 to 16, inclusive of Maps, in the office of the County Recorder of said County. (APN 4404-014-003)

**C.    Factual Background**

10. Mammoth acquired title to the Property by a Grant Deed recorded in the Official Records of Los Angeles County on May 29, 2015 (Instrument No. 2015-064413). The purchase price of the Property paid by Mammoth was $2,000,000, of which $1,500,000 was funded by a loan from Vicino Limited Partnership ("Vicino") to Mammoth as stated in a "Promissory Note Secured

by Deed of Trust" dated May 22, 2015 ("the Note"). The Note was for a one-year term, maturing as of June 1, 2016.

11. The Note was secured by a Deed of Trust on the Property in favor of Vicino (the "Deed of Trust") recorded in the Official Records of Los Angeles County on May 29, 2015 as Instrument No. 2015-0624414.

12. Concurrently with the execution of the Note and Deed of Trust by Mammoth, Aslanian executed a "Guaranty" by which Aslanian personally guaranteed Mammoth's obligations on the Note.

13. After the Note had matured, on or about August 10, 2016, Vicino transferred the beneficial interest in the Note and Deed of Trust to Stonehaven.

14. On April 7, 2017, Mammoth filed a civil action in Los Angeles County Superior Court against Stonehaven (and three affiliated individuals): 4402 Mammoth Investors, LLC v. Stonehaven, LLC., et al.; Case No. BC656986 (the "Payoff Demand Case"). Mammoth's complaint in the Payoff Demand Case sought damages for the failure of Stonehaven to timely furnish Mammoth with a payoff demand statement as required by Civil Code §2943. On or about May 16, 2017, Stonehaven filed a cross-complaint against Aslanian, seeking judgment for breach of contract based on the Guaranty.

15. On or about July 27, 2017, Mammoth's complaint in the Payoff Demand Case was dismissed. The case, however, continued as to Stonehaven's cross-complaint against Aslanian on the Guaranty ("the Personal Guaranty Action").

16. On November 2, 2018, following a Court trial, the Superior Court entered judgment in the Personal Guaranty Action for the principal on the Note (i.e., $1,500,000.00) in favor of Stonehaven and against Aslanian. Aslanian filed an appeal as to said judgment on December 26, 2018.

17. On April 2, 2019, the Superior Court entered its "Final Ruling" on Stonehaven's "Motion for Attorney's Fees and Motion for Prejudgment Interest," pursuant to which the Court awarded $132,000 in attorney's fees and $1,325,200.97 in prejudgment interest to Stonehaven. The November 2, 2018 judgment and the April 2, 2019 "Final Ruling" are referred to herein collectively

3
**COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION RESTRAINING STONEHAVEN, LLC FROM ENFORCING JUDGMENT ON PERSONAL GUARANTEE AGAINST DEBTOR'S PRINCIPAL**

1  as "the Judgment." Pursuant to the Judgment (which is on appeal), Aslanian owes over $2,957,000
2  to Stonehaven.

3      18.    Stonehaven has taken at least the following steps to enforce the Judgment:

4          a.    Stonehaven obtained issuance of an abstract of judgment on May 28, 2019.

5          b.    Also on May 28, 2019, Stonehaven obtained an "Order to Appear for
6  Examination" compelling Aslanian to appear for a judgment debtor examination on August 19,
7  2019.

8          c.    On July 29, 2019, Stonehaven filed a "Motion for Order to Charge Cross-
9  Defendant and Judgment Debtor Arthur Aslanian's Membership Interest in 4402 Mammoth
10 Investors, LLC and to Foreclose on Judgement Debtor's Interest" (the "Charging Order Motion").
11 A hearing on the Charging Order Motion is set for September 23, 2019.

12         d.    On July 30, 20019, Stonehaven served (by mail) 31 judgment debtor
13 interrogatories and 37 demands for production and inspection on Aslanian.

14     19.    At the judgment debtor examination on August 19, 2019, counsel for Stonehaven
15 (Kevin Leichter) arrived late; Aslanian and his counsel (Geoffrey Melkonian) were required to wait
16 approximately two (2) hours, and then Aslanian was subjected to questioning for four (4) hours. At
17 one point late in the day, Mr. Leichter threatened Aslanian with reporting Aslanian to Federal and
18 State taxing authorities, and suggested that Aslanian assert his Fifth Amendment right against self-
19 incrimination. Mr. Leichter's statements in this regard were in violation of Rule 3.10 of the Rules
20 of Professional Conduct of the State Bar of California.

21     20.    On August 22, 2019, Mr. Leichter came to Aslanian's residence and took
22 photographs (or video), for unknown purposes.

23 **D.**    **Mammoth's Prospects for Reorganization**

24     21.    Mammoth is the owner of the Property. The Court recently determined that fair
25 market value of the Property is $3,700,000.00. Stonehaven in secured by a first trust deed on the
26 Property.

27     22.    An evidentiary hearing is scheduled for September 6, 2019 on Mammoth's Objection
28 to Stonehaven's Proof of Claim. At that hearing, or at some point thereafter, the Court will

DONAHOE & YOUNG LLP
25152 SPRINGFIELD COURT, SUITE 345
VALENCIA, CALIFORNIA 91355-1081
TELEPHONE (661) 259-9000

determine the actual amount owed to Stonehaven pursuant to its Note.

23. It is highly probable that the amount determined by the Court as being owed on the Stonehaven Note will be substantially less than the realizable fair market value of the Property, and substantially less than the amount of the Judgment against Aslanian.

24. The Property is high-quality residential property which will not be difficult to sell in the current market. On August 15, 2019, Mammoth filed and served an application to employ a real estate broker to facilitate such sale. Upon determination of the amount owed to Stonehaven, Mammoth will seek to sell the Property. Upon the sale, Mammoth will pay Stonehaven the amount determined by the Court to be due to Stonehaven.

25. On the basis of the foregoing, Mammoth is highly likely to successfully complete a Chapter 11 reorganization.

E. **Aslanian's Responsibilities for Mammoth**

26. Aslanian is Mammoth's sole manager. Aslanian oversees all business affairs and operations of Mammoth. Due to the extensive litigation that has surrounded Mammoth and the Property virtually since Mammoth acquired the Property, Aslanian has worked a substantial number of hours per month in Mammoth's reorganization efforts. Aslanian's efforts are indispensable to the successful reorganization of Mammoth.

27. Within the last month Stonehaven has ramped up its efforts to enforce its Judgment against Aslanian, even though Stonehaven is well secured by the Property. Responding to the post-judgment discovery and post-judgment enforcement procedures brought by Stonehaven has consumed an inordinate amount of Aslanian's time that could otherwise be devoted to marketing the Property or other business affairs of Mammoth.

**FIRST CLAIM FOR RELIEF**

**TEMPORARY RESTRAINING ORDER AND INJUNCTION**

28. Mammoth incorporates and realleges the allegation of Paragraphs 1 through 27 hereinabove, inclusive, as if set forth in full herein.

29. 11 U.S.C. §105(a) authorizes this Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." A Bankruptcy Court has the

power to enjoin actions by creditors against non-debtor guarantors if the action is "related to" the bankruptcy case, and the proposed action would adversely affect the administration of the estate, effectively extending the automatic stay to actions (beyond those subject to 11 U.S.C. §362(a)) that "threaten the integrity of a bankruptcy estate." In re Canter, 299 F.3d 1150, 1155 (9th Cir. 2002); see also, In re Fabtech Industries, Inc., 2010 Bankr. LEXIS 5097, 2010 WL 645908 (9th Cir. BAP 2010).

30. The Personal Guaranty Action and the Judgment thereon are related to this bankruptcy estate. The Personal Guaranty Action and Judgment thereon target Aslanian, who is Mammoth's sole manager.

31. Allowing Stonehaven to continue to aggressively enforce its Judgment against Aslanian will have a significant effect upon Mammoth, and cause irreparable injury to the estate. Enforcement activities against Aslanian will unduly pressure Aslanian and distract Aslanian from managing the affairs of Mammoth and working on the many tasks related to a successful reorganization of Mammoth. Addressing the enforcement activities and taking steps to protect his own assets will cost Aslanian both money and time, during the time at which he most needs to focus on the Mammoth reorganization.

32. The potential harm to Mammoth if enforcement of the Judgment is allowed to continue far outweighs any potential harm to Stonehaven of being restrained from enforcing the Judgment. In the event that the Court issues an injunction, the measure of harm to Stonehaven would be any injury resulting from delay in enforcing its Judgment. Such harm would be non-existent, since (as determined by the Court) Stonehaven is adequately protected by a significant equity cushion in the Property.

33. On the other hand, Mammoth will suffer great harm if the injunction does not issue, as detailed above. Accordingly, the balance of hardships here weighs heavily in favor of Mammoth and against Stonehaven.

34. Issuance of a temporary restraining order and preliminary injunction is in the public interest. Chapter 11 of the Bankruptcy Code expresses the public policy that entities should be allowed to reorganize their affairs, temporarily relieved of defending collection efforts of creditors

(see, e.g., 11 U.S.C. §362). Issuance of a temporary restraining order and preliminary injunction would therefore further the purposes of the Bankruptcy Code by allowing Aslanian to work unfettered toward a plan of reorganization for Mammoth. No competing public interests suggest that it would make sense to allow enforcement of the Judgment pending the sale of the Property.

## PRAYER FOR RELIEF

WHEREFORE, Mammoth requests that the Court enter an order restraining Stonehaven from continuing to enforce its Judgment against Aslanian until such time as a Chapter 11 plan is confirmed in this case, this Chapter 11 case is dismissed, or this Chapter 11 case is converted to Chapter 7.

Dated: August 28, 2019                    DONAHOE & YOUNG LLP

By: */s/Mark T. Young*
    MARK T. YOUNG
    Counsel for Plaintiff/Debtor/Debtor-in-Possession
    4402 MAMMOTH INVESTORS, LLC

DONAHOE & YOUNG LLP
25152 SPRINGFIELD COURT, SUITE 345
VALENCIA, CALIFORNIA 91355-1081
TELEPHONE (661) 259-9000

7
COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION RESTRAINING STONEHAVEN, LLC
FROM ENFORCING JUDGMENT ON PERSONAL GUARANTEE AGAINST DEBTOR'S PRINCIPAL