MARK T. YOUNG (Bar No. 89951)
TAYLOR F. WILLIAMS (Bar No. 281331)
MARIA L. GARCIA (Bar No. 276135)
DONAHOE & YOUNG LLP
25152 Springfield Court, Suite 345
Valencia, California 91355-1081
Telephone: 661.259.9000 / Facsimile: 661.554.7088
E-mail: myoung@donahoeyoung.com; mgarcia@donahoeyoung.com

Counsel for Plaintiff/Debtor/Debtor in-Possession
4402 MAMMOTH INVESTORS, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br>**4402 MAMMOTH INVESTORS, LLC,**<br><br>Debtor.<br><br>**4402 MAMMOTH INVESTORS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**STONEHAVEN, LLC,**<br><br>Defendant. | Case No. 2:18-bk-12055-WB<br>[Chapter 11]<br><br>Adv. No. 2:19-ap-01289-WB<br><br>**MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION RESTRAINING STONEHAVEN, LLC FROM ENFORCING JUDGMENT ON PERSONAL GUARANTEE AGAINST DEBTOR'S PRINCIPAL; DECLARATIONS OF ARTHUR ASLANIAN, GEOFFREY G. MELKONIAN, BENJAMIN S. TRAGISH, AND MARK T. YOUNG IN SUPPORT THEREOF**<br><br>[Application for Order Setting Hearing on Shortened Notice filed concurrently herewith ]<br><br>Date: To be set<br>Time: To be set<br>Courtroom: 1375 |

Plaintiff/Debtor/Debtor-in-Possession 4402 MAMMOTH INVESTORS, LLC ("Mammoth") hereby moves the Court for a temporary restraining order and preliminary injunction restraining Defendant STONEHAVEN, LLC ("Stonehaven") from further seeking to enforce the

1

**MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION RESTRAINING STONEHAVEN, LLC FROM ENFORCING JUDGMENT ON PERSONAL GUARANTEE AGAINST DEBTOR'S PRINCIPAL, etc.**

judgment entered in favor of Stonehaven against Mammoth's principal, Arthur Aslanian ("Aslanian"), in 4402 Mammoth Investors, LLC v. Stonehaven, LLC (Los Angeles County Superior Court Case No. BC656986) ("the Payoff Demand Case") on November 2, 2018, as modified by a "Final Ruling" entered on April 2, 2019 (collectively "the Judgment"). The Judgment is currently on appeal.

This Motion is made on the basis of the facts and grounds stated in: (a) the "Complaint for Temporary Restraining Order and Preliminary Injunction Restraining Stonehaven, LLC from Enforcing Personal Guarantee Against Debtor's Principal" ("the Complaint") filed in this adversary proceeding on August 28, 2019 (Doc. No. 193); (b) the Declarations of Arthur Aslanian ("Aslanian Dec."), Geoffrey G. Melkonian ("Melkonian Dec."), Benjamin S. Tragish ("Tragish Dec.") and Mark T. Young ("Young Dec.") attached hereto; (c) the Memorandum of Points and Authorities attached hereto; (d) the pleadings, records and files in this adversary proceeding and the underlying Chapter 11 case; and (e) such other evidence and argument as may be properly presented at or prior to the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.    Factual Background**

The facts on which this Motion is brought are stated in the Complaint. The factual allegations of the Complaint are supported by one or more of the Declarations attached hereto, as follows:

1. Mammoth acquired title to the real property commonly known as 120 Stonehaven Drive, Los Angeles, California 90049 ("the "Property") by a Grant Deed recorded in the Official Records of Los Angeles County on May 29, 2015 (Instrument No. 2015-064413). The purchase price of the Property paid by Mammoth was $2,000,000, of which $1,500,000 was funded by a loan from Vicino Limited Partnership ("Vicino") to Mammoth as stated in a "Promissory Note Secured by Deed of Trust" dated May 22, 2015 ("the Note"). The Note was for a one-year term, maturing as of June 1, 2016. (Aslanian Dec. ¶ 3).

2. The Note was secured by a Deed of Trust on the Property in favor of Vicino (the "Deed of Trust") recorded in the Official Records of Los Angeles County on May 29, 2015 as Instrument No. 2015-0624414. (Aslanian Dec. ¶ 4).

3.      Concurrently with the execution of the Note and Deed of Trust by Mammoth, Aslanian executed a "Guaranty" by which Aslanian personally guaranteed Mammoth's obligations on the Note. (Aslanian Dec. ¶ 5).

4.      After the Note had matured, on or about August 10, 2016, Vicino transferred the beneficial interest in the Note and Deed of Trust to Stonehaven. (Aslanian Dec. ¶ 6).

5.      On April 7, 2017, Mammoth filed a civil action in Los Angeles County Superior Court against Stonehaven (and three affiliated individuals): <u>4402 Mammoth Investors, LLC v. Stonehaven, LLC, et al</u>.; Case No. BC656986 (the "Payoff Demand Case"). Mammoth's complaint in the Payoff Demand Case sought damages for the failure of Stonehaven to timely furnish Mammoth with a payoff demand statement as required by Civil Code §2943. On or about May 16, 2017, Stonehaven filed a cross-complaint against Aslanian, seeking judgment for breach of contract based on the Guaranty. (Melkonian Dec. ¶ 3).

6.      On or about July 27, 2017, Mammoth's complaint in the Payoff Demand Case was dismissed. The Payoff Demand Case, however, continued as to Stonehaven's cross-complaint against Aslanian on the Guaranty ("the Personal Guaranty Action"). (Melkonian Dec. ¶ 4).

7.      On November 2, 2018, following a Court trial, the Superior Court entered judgment in the Personal Guaranty Action for the principal on the Note (i.e., $1,500,000.00) in favor of Stonehaven and against Aslanian. Aslanian filed an appeal as to said judgment on December 26, 2018. (Melkonian Dec. ¶ 5).

8.      On April 2, 2019, the Superior Court entered its "Final Ruling" on Stonehaven's "Motion for Attorney's Fees and Motion for Prejudgment Interest," pursuant to which the Court awarded $132,000 in attorney's fees and $1,325,200.97 in prejudgment interest to Stonehaven. The November 2, 2018 judgment and the April 2, 2019 "Final Ruling" are referred to herein collectively as "the Judgment." Pursuant to the Judgment (which is on appeal), Aslanian owes over $2,957,000 to Stonehaven. (Melkonian Dec. ¶ 6).

9.      Stonehaven has taken at least the following steps to enforce the Judgment:

    a.    Stonehaven obtained issuance of an abstract of judgment on May 28, 2019.

    b.    Also on May 28, 2019, Stonehaven obtained an "Order to Appear for

DONAHOE & YOUNG LLP
25152 SPRINGFIELD COURT, SUITE 345
VALENCIA, CALIFORNIA 91355-1081
TELEPHONE (661) 259-9000

Case 2:19-ap-01289-WB    Doc 3    Filed 08/28/19    Entered 08/28/19 16:56:59    Desc
Main Document    Page 4 of 15

Examination" compelling Aslanian to appear for a judgment debtor examination on August 19, 2019.

   c. On July 29, 2019, Stonehaven filed a "Motion for Order to Charge Cross-Defendant and Judgment Debtor Arthur Aslanian's Membership Interest in 4402 Mammoth Investors, LLC and to Foreclose on Judgement Debtor's Interest" (the "Charging Order Motion"). A hearing on the Charging Order Motion is set for September 23, 2019.

   d. On July 30, 20019, Stonehaven served (by mail) 31 judgment debtor interrogatories and 37 demands for production and inspection on Aslanian. (Melkonian Dec. ¶ 7).

  10. At the judgment debtor examination on August 19, 2019, counsel for Stonehaven (Kevin Leichter) arrived late; Aslanian and his counsel (Geoffrey Melkonian) were required to wait approximately two (2) hours, and then Aslanian was subjected to questioning for approximately four (4) hours. At one point late in the day, Mr. Leichter threatened Aslanian with reporting Aslanian to Federal and State taxing authorities, and suggested that Aslanian assert his Fifth Amendment right against self-incrimination. Mr. Leichter's statements in this regard were in violation of Rule 3.10 of the Rules of Professional Conduct of the State Bar of California. (Aslanian Dec. ¶ 8; Melkonian Dec. ¶ 8).

  11. On August 22, 2019, Mr. Leichter came to Aslanian's residence and took photographs (or video), for unknown purposes. He also went to Aslanian's office that day, and harassed Aslanian's office staff. (Aslanian Dec. ¶ 9).

  12. The judgment debtor examination of Aslanian resumed on August 26, 2019. At that session, Mr. Leichter acknowledged that he had gone to Mr. Aslanian's home and communicated with contractors performing work at the property on August 22 (see Paragraph 11 above). Mr. Leichter also threatened to report Mr. Tragish to the State Bar for asserting a privilege in responding to questions regarding taxes. (Aslanian Dec. ¶ 10; Tragish Dec. ¶ 3).

**B.** **Mammoth Meets the Four- Part Test Necessary to Obtain a Preliminary Injunction**

  It is well established that Bankruptcy Courts have the authority to grant injunctive relief under 11 U.S.C. §105(a), which allows the Bankruptcy Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title [i.e., the Bankruptcy

4

**MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION RESTRAINING STONEHAVEN, LLC FROM ENFORCING JUDGMENT ON PERSONAL GUARANTEE AGAINST DEBTOR'S PRINCIPAL, etc.**

DONAHOE & YOUNG LLP
25152 SPRINGFIELD COURT, SUITE 345
VALENCIA, CALIFORNIA 91355-1081
TELEPHONE (661) 259-9000

Code]." Under §105, the Bankruptcy Court may enjoin an action against a non-debtor, effectively extending the automatic stay to actions (beyond those subject to §362(a)) that "threaten the integrity of the bankrupt's estate." In re Canter, 299 F.3d 1150, 1155 (9th Cir. 2002). An injunction may be issued when an action by a creditor of a debtor against a non-debtor third party threatens a debtor's reorganization. In re Lazarus Burman Assocs., 161 B.R. 891, 897 (Bankr. E.D.N.Y. 1993).

In In re Fabtech Indus., 2010 Bankr. LEXIS 5097, 2010 WL 6452908 (9th Cir. BAP 2010), the Ninth Circuit Bankruptcy Appellate Panel affirmed a Bankruptcy Court order granting an injunction to restrain a bank from continuing a state court action on a guarantee against a corporate debtor's CEO (and 90% shareholder) who ran the day-to-day business of the debtor. The Fabtech Court identified the four-part test required to obtain a preliminary injunction, as follows:

> "In order to obtain a preliminary injunction, the moving party must establish: (1) a strong likelihood of success on the merits, (2) the likelihood of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of the hardships favoring the plaintiff, and (4) that an injunction advances the public interest. Am. Trucking Ass'ns v. City of Los Angeles, 559 F.3d at 1052; Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008)."

Here, as in Fabtech, each of these elements is met, as described in Sections 1- 4 below.

### 1. Likelihood of Success on the Merits

In the context of a Chapter 11 case, the "likelihood of success on the merits" factor requires a showing that "the debtor has a reasonable likelihood of a successful reorganization." In re Excel Innovations, Inc., 502 F.3d 1086, 1096 (9th Cir. 2007), *cert. den.* 553 U.S. 1017 (2008). It is generally not a high burden to show a reasonable likelihood of a successful reorganization. Excel, 502 F.3d at 1097.

Here, Mammoth's reorganization is on the horizon. The meritless title litigation initiated by affiliates of Stonehaven is nearing its conclusion, as is the unlawful detainer case against the parents of an affiliate of Stonehaven.[1] (Aslanian Dec. ¶ 7). The Court recently denied Stonehaven's

---

[1] On August 26, 2019, Mr. Aslanian was informed by Stonehaven's state court counsel Kevin Leichter that Shahram Elyaszadeh's father (one of the occupants of the Property) had recently (footnote continued)

DONAHOE & YOUNG LLP
25152 SPRINGFIELD COURT, SUITE 345
VALENCIA, CALIFORNIA 91355-1081
TELEPHONE (661) 259-9000

motion from relief from automatic stay, on the basis that the Property has a fair market value of $3.7 million, which is enough to provide adequate protection to Stonehaven as to any amount that Stonehaven could possibly be owed.  Finally, the evidentiary hearing on Mammoth's objection to Stonehaven's claim is set to take place on September 6, 2019.  Once the correct amount of Stonehaven's obligation is determined and the occupants are removed from the Property, Mammoth intends to move forward quickly with a sale or refinance of the Property.  That sale or refinance will pay Stonehaven in full (on the basis of the amount determined by the Court); at that point the only remaining issue will be whether Mammoth is entitled to an offset for the four years of rental value owed by the tenants. (Young Dec. ¶¶ 3-5).  Accordingly, Mammoth has demonstrated the "likelihood of success on the merits" necessary to obtain an injunction.

### 2. Likelihood of Irreparable Injury to Plaintiff

Stonehaven is aggressively enforcing its judgment on the guarantee against Aslanian, diverting Aslanian's time and energy from Mammoth's reorganization. "[C]ourts have easily found that the loss of such key participants at a crucial period in the operational life and reorganization of the debtor may constitute irreparable harm to the estate and to the reorganization effort." In re PTI Holding Corp., 346 B.R. 820, 827 (Bankr. D. Nev. 2006) [collecting cases]. Irreparable harm may be found if an action against the non-debtor would "so consume the time, energy and resources of the debtor that it would substantially hinder the debtor's reorganization effort." In re Continental Airlines, 177 B.R. 475, 481 (D. Del. 1993).

Here, the only businessperson that acts for Mammoth is Aslanian.  Aslanian's time, energy and resources are being consumed by Stonehaven's ongoing aggressive enforcement of its guarantee judgment against him (which is on appeal).  Aslanian should instead be able to focus on the marketing and refinance efforts as to the Property (and the removal of the tenants) which will lead to a successful reorganization of Mammoth. See, Lazarus Burman Assocs., 161 B.R. at 899-900 (principals are in the best position to effectively formulate, negotiate and carry out the debtor's

---

passed away, that therefore a settlement of Mammoth's pending unlawful detainer action is now more possible. (Aslanian Dec. ¶ 10).

plan of reorganization); <u>In re Northlake Bldg. Partners</u>, 41 B.R. 231, 233-234 (Bankr. N.D.Ill 1984) (guarantor's critical management functions were integral to the debtor's ability to reorganize).

### 3. **Balance of Hardships**

Stonehaven's interest in enforcement of its judgment would be adversely affected by an injunction. But that interest is far outweighed by the harm to Mammoth if the injunction is not granted. The hardship of waiting for proceeds against the guarantor while a confirmable plan is developed does not impose an unreasonable hardship on Stonehaven. Instead, the risk of having the Plan derailed prematurely is more significant as to Mammoth that whatever hardship is on the other side. Any hardship to Stonehaven is temporary at best, because the Property has been judicially determined to be worth $3.7 million, so Stonehaven is adequately protected. Stonehaven would be unable to identify any particularized harm that it could suffer from a delay in enforcing its remedies against Aslanian.

### 4. **Advancement of the Public Interest**

The public interest in successful reorganizations of Chapter 11 debtors is significant. <u>Fabtech</u>; <u>PTI Holdings Corp</u>., 346 B.R. at 832; <u>Lazarus Burman Assocs.</u>, 161 B.R. at 901. This significant public interest outweighs any interest of Stonehaven in prompt enforcement of the Stonehaven judgment, especially because Stonehaven is well secured.

### C. **CONCLUSION**

On the basis of the foregoing, Mammoth requests that the Court enter a Temporary Restraining Order immediately restraining Stonehaven from taking any further steps to enforce its Judgment against Aslanian.

Mammoth further requests that the Court issue a preliminary injunction on the same terms, which would remain in effect until the earlier of such time as: (a) a Plan is confirmed in this case; (b) this Chapter 11 case is dismissed; or (c) this Chapter 11 case is converted to Chapter 7.

Dated: August 28, 2019　　　　　　　　　DONAHOE & YOUNG LLP

By: */s/Mark T. Young*
MARK T. YOUNG
Counsel for Plaintiff/Debtor/Debtor-in-Possession
4402 MAMMOTH INVESTORS, LLC

DONAHOE & YOUNG LLP
25152 SPRINGFIELD COURT, SUITE 345
VALENCIA, CALIFORNIA 91355-1081
TELEPHONE (661) 259-9000

## DECLARATION OF ARTHUR R. ASLANIAN

I, ARTHUR R. ASLANIAN, declare as follows:

1.  I am the Manager of 4402 MAMMOTH INVESTORS, LLC ("Mammoth"), a California limited liability company. Mammoth is the debtor/debtor-in-possession in this Chapter 11 case. I am over the age of 21 years. I have personal knowledge of all matters stated herein, and if called as a witness could and would testify thereto under oath.

2.  This Declaration is given in support of Mammoth's "Motion for Temporary Restraining Order and Preliminary Injunction Restraining Stonehaven, LLC, from Enforcing Judgement on Personal Guarantee Against Debtor's Principal" (the "Motion ").

3.  Mammoth acquired title to the real property commonly known as 120 Stonehaven Drive, Los Angeles, California 90049 ("the "Property") by a Grant Deed recorded in the Official Records of Los Angeles County on May 29, 2015 (Instrument No. 2015-064413). The purchase price of the Property paid by Mammoth was $2,000,000, of which $1,500,000 was funded by a loan from Vicino Limited Partnership ("Vicino") to Mammoth as stated in a "Promissory Note Secured by Deed of Trust" dated May 22, 2015 ("the Note"). The Note was for a one-year term, maturing as of June 1, 2016.

4.  The Note was secured by a Deed of Trust on the Property in favor of Vicino (the "Deed of Trust") recorded in the Official Records of Los Angeles County on May 29, 2015 as Instrument No. 2015-0624414.

5.  Concurrently with the execution of the Note and Deed of Trust by Mammoth, I executed a "Guaranty" by which I personally guaranteed Mammoth's obligations on the Note.

6.  After the Note had matured, on or about August 10, 2016, Vicino transferred the beneficial interest in the Note and Deed of Trust to STONEHAVEN, LLC ("Stonehaven").

7.  I am the only Manager of Mammoth, and its majority Member. All decisions of Mammoth are mine, and Mammoth only acts through me. At present my efforts for Mammoth consist of managing and participating in the remaining litigation as to title to the Property (the second of the two cases challenging Mammoth's title is set for trial on September 11, 2019), possession of the Property (trial in the unlawful detainer case is set for September 4, 2019), and the

DONAHOE & YOUNG LLP
25152 SPRINGFIELD COURT, SUITE 345
VALENCIA, CALIFORNIA 91355-1081
TELEPHONE (661) 259-9000

amount of Stonehaven's claim (an evidentiary hearing in this Court is set for September 6, 2019), as well as planning for the sale of the Property and/or its refinance. However, due to Stonehaven's ongoing aggressive enforcement of its judgment against me personally on the Guaranty, my time, energy and resources are being consumed by my personal defense and complying with judgment debtor discovery, and such time, energy and resources are being substantially diverted from my management duties as to Mammoth. If Stonehaven's judgment enforcement effects against me are temporarily enjoined, I can fulfill my duties to see Mammoth through to a successful reorganization.

8. At the judgment debtor examination on August 19, 2019, counsel for Stonehaven (Kevin Leichter) arrived late; my counsel (Geoffrey Melkonian) and I were required to wait over two (2) hours, and then I was subjected to questioning for approximately four (4) hours, without a lunch break. At one point late in the day, Mr. Leichter threatened me with reporting me to Federal and State taxing authorities, and suggested that I assert my Fifth Amendment right against self-incrimination.

9. On August 22, 2019, Mr. Leichter came to my residence and took photographs (or video), for unknown purposes. He also went to my office that day, and harassed my office staff.

10. My judgment debtor examination resumed on August 26, 2019. At that session, Mr. Leichter: (a) acknowledged that he had gone to my home and communicated with contractors performing work at my home on August 22 (see Paragraph 9 above); (b) threatened to report my counsel (Benjamin Tragish) to the State Bar for asserting a privilege in responding to questions regarding taxes; and (c) informed Mr. Tragish and me that Shahram Elyaszadeh's father (one of the occupants of the Property) had recently passed away, and that therefore a settlement of Mammoth's pending unlawful detainer action is now more possible.

Executed on August 28, 2019 at Glendale, California.

I declare under penalty of perjury that the foregoing is true and correct.

_____
ARTHUR R. ASLANIAN

2

DECLARATION OF ARTHUR ASLANIAN

# DECLARATION OF GEOFFREY G. MELKONIAN

I, GEOFFREY G. MELKONIAN, declare as follows:

1. I am an attorney at law duly admitted to practice before all Courts of the State of California. I practice law on a full-time basis as the Law Offices of Geoffrey G. Melknonian. I have personal knowledge of all facts stated herein, and if called as a witness could and would testify thereto under oath.

2. This Declaration is given in support of the "Motion for Temporary Restraining Order and Preliminary Injunction Restraining Stonehaven, LLC, from Enforcing Judgement on Personal Guarantee Against Debtor's Principal" filed by Debtor/Debtor-in-Possession 4402 MAMMOTH INVESTORS, LLC ("Mammoth").

3. On April 7, 2017, Mammoth filed a civil action in Los Angeles County Superior Court against Stonehaven (and three affiliated individuals): 4402 Mammoth Investors, LLC v. Stonehaven, LLC, et al.; Case No. BC656986 (the "Payoff Demand Case"). I represented Mammoth in the Payoff Demand Case. Mammoth's complaint in the Payoff Demand Case sought damages for the failure of STONEHAVEN, LLC ("Stonehaven") to timely furnish Mammoth with a payoff demand statement as required by Civil Code §2943. On or about May 16, 2017, Stonehaven filed a cross-complaint against Mammoth's principal Arthur Aslanian ("Aslanian"), seeking judgment for breach of contract based on Aslanian's personal guaranty of the debt owed by Mammoth to Stonehaven ("the Guaranty").

4. On or about July 27, 2017, Mammoth's complaint in the Payoff Demand Case was dismissed. The Payoff Demand Case, however, continued as to Stonehaven's cross-complaint against Aslanian on the Guaranty ("the Personal Guaranty Action").

5. On November 2, 2018, following a Court trial, the Superior Court entered judgment in the Personal Guaranty Action for the principal on the Note (i.e., $1,500,000.00) in favor of Stonehaven and against Aslanian. Aslanian filed an appeal as to said judgment on December 26, 2018.

6. On April 2, 2019, the Superior Court entered its "Final Ruling" on Stonehaven's "Motion for Attorney's Fees and Motion for Prejudgment Interest," pursuant to which the Court

1

**DECLARATION OF GEOFFREY G. MELKONIAN**

awarded $132,000 in attorney's fees and $1,325,200.97 in prejudgment interest to Stonehaven. The November 2, 2018 judgment and the April 2, 2019 "Final Ruling" are referred to herein collectively as "the Judgment." Pursuant to the Judgment (which is on appeal), Aslanian owes over $2,957,000 to Stonehaven.

7. Stonehaven has taken at least the following steps to enforce the Judgment:

  a. Stonehaven obtained issuance of an abstract of judgment on May 28, 2019.

  b. Also on May 28, 2019, Stonehaven obtained an "Order to Appear for Examination" compelling Aslanian to appear for a judgment debtor examination on August 19, 2019.

  c. On July 29, 2019, Stonehaven filed a "Motion for Order to Charge Cross-Defendant and Judgment Debtor Arthur Aslanian's Membership Interest in 4402 Mammoth Investors, LLC and to Foreclose on Judgement Debtor's Interest" (the "Charging Order Motion"). A hearing on the Charging Order Motion is set for September 23, 2019.

  d. On July 30, 20019, Stonehaven served (by mail) 31 judgment debtor interrogatories and 37 demands for production and inspection on Aslanian.

8. I represented Aslanian at the judgment debtor examination on August 19, 2019. At that session counsel for Stonehaven (Kevin Leichter) arrived late; Aslanian and I were required to wait approximately two (2) hours, and then Aslanian was subjected to questioning for four (4) hours. At one point late in the day, Mr. Leichter threatened Aslanian with reporting Aslanian to Federal and State taxing authorities, and suggested that Aslanian assert his Fifth Amendment right against self-incrimination. I believe that Mr. Leichter's statements in this regard were in violation of Rule 3.10 of the Rules of Professional Conduct of the State Bar of California.

Executed on August __28__, 2019 at Sherman Oaks, California.

I declare under penalty of perjury that the foregoing is true and correct.

_____
GEOFFREY G. MELKONIAN

2
**DECLARATION OF GEOFFREY G. MELKONIAN**

# DECLARATION OF BENJAMIN S. TRAGISH

I, BENJAMIN S. TRAGISH, declare as follows:

1. I am an attorney at law duly admitted to practice before all Courts of the State of California. I have personal knowledge of all matters stated herein, and if called as a witness could and would testify thereto under oath.

2. This Declaration is given in support of the "Motion for Temporary Restraining Order and Preliminary Injunction Restraining Stonehaven, LLC, from Enforcing Judgment on Personal Guarantee Against Debtor's Principal" filed by Debtor/Debtor-in-Possession 4402 MAMMOTH INVESTORS, LLC ("Mammoth").

3. Due to exigent circumstances and the unavailability of Arthur Aslanian's counsel of record, Geoffrey Melkonian, to be present for the judgment debtor examination on August 26, 2019, I specially appeared and represented Mr. Aslanian at the continued session of his judgment debtor examination on August 26, 2019. At that session, counsel for judgment creditor STONEHAVEN, LLC Kevin Leichter ("Mr. Leichter") acknowledged that he had gone to Mr. Aslanian's home and communicated with contractors performing work there during the week prior to the examination. Mr. Leichter verbally harassed me throughout the examination mostly off the record, including by threatening to report me to the State Bar for asserting a privilege in responding to questions regarding taxes. On one occasion, Mr. Leichter resorted to smoking from a nicotine pen during the examination after I asked him not to do so at the outset of the examination. This examination session started at approximately 11:30 a.m. and concluded at approximately 4:00 p.m. (with deference to the court reporter's record).

Executed on August 28, 2019 at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.

_____
BENJAMIN S. TRAGISH

DONAHOE & YOUNG LLP
25152 SPRINGFIELD COURT, SUITE 345
VALENCIA, CALIFORNIA 91355-1081
TELEPHONE (661) 259-9000

## DECLARATION OF MARK T. YOUNG

I, MARK T. YOUNG , declare as follows:

1. I am an attorney at law duly admitted to practice before this Court. I am a partner of Donahoe & Young LLP, the attorneys for Debtor/Debtor-In-Possession 4402 MAMMOTH INVESTORS, LLC ("Mammoth") herein. I have personal knowledge of all matters stated herein, and if called as a witness could and would testify thereto under oath.

2. This Declaration is given in support of the "Motion for Temporary Restraining Order and Preliminary Injunction Restraining Stonehaven, LLC, from Enforcing Judgement on Personal Guarantee Against Debtor's Principal" filed by Mammoth.

3. On June 17, 2019, this Court concluded the evidentiary hearing on the Motion for Relief from Automantic Stay brought by Creditor STONEHAVEN, LLC ("Stonehaven"); at that time the Court took the matter under submission. The Court entered its "Order Denying Motion for Relief from Automatic Stay under 11 U.S.C. §362" on July 26, 2019 (Doc. 159). In the oral ruling on July 16, 2019 that resulted in that Order, the Court made a finding of fact that the current fair market value of the relevant property (120 Stonehaven Drive, Los Angeles, California 90049) was $3,700,000. This valuation was the basis on which the Court concluded that Stonehaven was adequately protected even if Stonehaven's debt was as high as Stonehaven claimed.

4. An evidentiary hearing on Mammoth's Objection to Stonehaven's Claim is set to take place on September 6, 2019.

5. Once the correct amount of Stonehaven's obligation is determined (presumably at the September 6, 2019 hearing) and the occupants are removed from the Property, Mammoth intends to move forward with the sale or refinance of the Property, which would pay Stonehaven in full (on the basis of the amount determined by the Court). At that point, the only remaining issue would be whether Mammoth is entitled to an offset on that payoff for the four years of rental value owed by the tenants (who are affiliated with a principal of Stonehaven).

6. On the basis of the forgoing, I believe that Mammoth has demonstrated the "likelihood of success on the merits" necessary to obtain an injunction.

///

Executed on August __28__, 2019 at Valencia, California.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ *Mark T. Young*

MARK T. YOUNG

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

25152 Springfield Court, Suite 345, Valencia, California 91355

A true and correct copy of the foregoing document entitled (*specify*): Motion for Temporary Restraining Order and Preliminary Injunction Restraining Stonehaven, LLC From Enforcing Judgment on Personal Guarantee Against Debtor's Principal; Declarations of Arthur Aslanian, Geoffrey G. Melkonian, Benjamin S. Tragish, And Mark T. Young in Support Thereof
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/28/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Oscar Estrada    oestrada@ttc.lacounty.gov
- Alvin Mar    alvin.mar@usdoj.gov
- C John M Melissinos    jmelissinos@greenbergglusker.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com; jking@greenbergglusker.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Michael H Weiss    mw@weissandspees.com, lm@weissandspees.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 08/28/2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Michael H Weiss    mhw@mhw-pc.com

United States Bankruptcy Judge
Honorable Julia W. Brand

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/28/2019 | Yvonne Sanchez | /s/ Yvonne Sanchez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                 F 9013-3.1.PROOF.SERVICE