Christopher S. Reeder, Bar No. 193041
Chris@csrlawyers.com
Benjamin S. Tragish, Bar No. 292188
Ben@csrlawyers.com
CSReeder, PC
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
Tel: (310) 861-2470

Attorneys for Arthur Aslanian, Anita Aslanian,
LJ Properties, Inc. and Riverside Investors, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>4402 MAMMOTH INVESTORS, LLC,<br><br>Debtor,<br><br>4402 MAMMOTH INVESTORS, LLC,<br><br>Plaintiff<br><br>v.<br><br>STONEHAVEN, LLC<br><br>Defendant. | Case No. 2:18-bk-12055-WB<br>Chapter 11<br>Adv. No. 2:19-ap-01289-WB<br><br>**ARTHUR ASLANIAN, ANITA ASLANIAN, LJ PROPERTIES, INC., AND RIVERSIDE INVESTORS, LLC'S EMERGENCY MOTION FOR PROTECTIVE ORDER WITH REGARD TO PRIVATE TAX RETURN AND CONFIDENTIAL FINANCIAL INFORMATION SOUGHT BY STONEHAVEN LLC; DECLARATION OF BENJAMIN S. TRAGISH IN SUPPORT THEREOF**<br><br>**[Emergency Hearing Requested Pursuant to LBR 9075-11]** |

1

1

## I.      BASIS OF EMERGENCY: RELIEF REQUESTED

Non-Parties Arthur Aslanian, Anita Aslanian, LJ Properties, Inc., and Riverside Investors, LLC ("Aslanian Parties") hereby make an **Emergency Motion** for a protective order precluding the production of all private tax return information (as to the Aslanian Parties) and all confidential financial statements related to the Aslanian Parties as sought by subpoenas and notices of deposition issued by Stonehaven, LLC ("Stonehaven") to First Choice Bank and Nadel CPA (Exhibit 1 to Declaration of Benjamin S. Tragish ("Tragish Decl.").

While the subpoenas issued to First Choice Bank and Nadel CPA and the requests for production accompanying the subpoenas are wildly overbroad, Aslanian Parties' seek the instant Motion for Protective Order ("Motion") on the *limited* grounds that Stonehaven's requests calling for the production of the Aslanian Parties' tax return information are improper and protected from disclosure by Ninth Circuit precedent.    Furthermore, Stonehaven's requests calling for the production of Aslanian Parties' confidential financial statements are patently irrelevant and disproportionate to the scope of discovery.

Aslanian Parties seek this Motion on an exigent basis in light of Stonehaven's setting of the deposition date and production date for the subpoenas on seven (7) days' notice, which, in effect has left Aslanian Parties with no time to meaningfully meet and confer with Stonehaven's counsel, to notice the instant Motion on regular or shortened time, or to comply with the requirements of LBR 7026-1(c) prior to the date designated for the production of documents, October 10, 2019, and prior to the October 11, 2019 evidentiary Hearing on Mammoth Investors, LLC's Motion for Preliminary Injunction.  See Tragish Decl. ¶ 10, Exh. 8.

This **Emergency Motion** is made based on the facts and grounds stated herein and in the attached Declaration of Benjamin S. Tragish ("Tragish Decl.").

## II.     FACTUAL BACKGROUND

On September 6, 2019, the Court granted 4402 Mammoth Investors, LLC's ("Debtor" or "Mammoth") Motion for Temporary Restraining Order and Preliminary Injunction Restraining Stonehaven, LLC, which sought to enjoin Stonehaven from enforcing a state a court judgment

against Debtor's principal, Arthur Aslanian, on a guarantee of a debt owed by Debtor, which the Court determined was well secured. See 9/20/19 Temporary Restraining Order, Exh. 2 to Tragish Decl. Debtor's Motion was supposed by the Declaration of Arthur Aslanian, which attested that due to Stonehaven's ongoing aggressive enforcement against Mr. Aslanian personally on the Guaranty, Mr. Aslanian's time, energy, and resources were being substantially diverted from his management duties to Mammoth. See 8/28/19 Declaration of Arthur Aslanian, Exh. 3 to Tragish Decl., ¶ 4.

Debtor's Motion contained other evidence substantiating that counsel for Stonehaven has harassed and intimidated Mr. Aslanian and his family on multiple occasions, including by appearing at Mr. Aslanian's place of residence and at his place of work—with knowledge that Mr. Aslanian was represented by counsel—and aggressively interrogating individuals with no involvement in these proceedings, including contractors at Mr. Aslanian's home and Mr. Aslanian's own daughter. See Aslanian Decl., ¶¶ 8-10. Additionally, counsel for Stonehaven indicated to Mr. Aslanian that he intended to report him to federal authorities (for reasons which are unknown) and threatened Mr. Aslanian and his counsel. Id. ¶¶ 8, 10.

Based on Debtor's moving papers, the Court entered a temporary restraining order against Stonehaven on September 20, 2019, which among other things, precluded Stonehaven from "propounding post-judgment discovery on Mr. Arthur Aslanian ("Mr. Aslanian") and his wife, Mrs. Anita Aslanian ("Mrs. Aslanian"), to enforce its Judgment against Mr. Aslanian in the State Court action entitled 4402 Mammoth Investors, LLC v. Stonehaven, LLC (Los Angeles County Superior Court Case No. BC 656986) (the "State Court Action")." See Exh. 2 at 3:6-4:15, 4:20-24.

In attempt to circumvent the temporary restraining order, on September 23, 2019, rather than tailor its requests to the scope of the evidentiary hearing on the Preliminary Injunction Motion, Stonehaven began issuing notices of depositions and subpoenas, including to Aslanian Parties, Arthur Aslanian's accountant, and Mammoth's lender. See Tragish Decl. ¶ 3.

After CSReeder, PC was retained to represent Aslanian Parties with respect to the September 23, 2019 subpoenas, Stonehaven issued further deposition notices on Thursday, October

3, 2019, seeking, among other things, Mr. Aslanian's tax returns and confidential financial statements, including those of his wife, Anita Aslanian, LJ Properties, Inc. and Riverside Investors, LLC. Stonehaven's request were served with a mere five-days' notice. See Further Deposition Notices to First Choice Bank and Nadel CPA, Exh 1. Counsel for Aslanian Parties promptly issued objections to the documents requested. See 10/4/19 Objections, Exh. 4 to Tragish Decl. Notably, Nadel CPA (Mr. Aslanian's accountant), advised counsel for Stonehaven that it never received a copy of the deposition notice seeking documents on October 8, 2019 when attempts were made to confirm the deposition would proceed. See 10/8/19 Correspondence from S. Linka to M. Weiss, Exh. 5 to Tragish Decl. Nadel CPA later issued an email to counsel for Stonehaven joining the objections of Aslanian Parties. See 10/9/19 Correspondence from S. Linka to M. Weiss, Exh. 6 to Tragish Decl.

On October 8, 2019, counsel for First Choice Bank confirmed its deposition would proceed on Thursday, October 10, 2019 at 2:00 p.m. See Tragish Decl. ¶ 8. Accordingly, Counsel for Aslanian Parties have filed the instant Protective Order at the soonest practicable time.

While a cursory review of the documents sought by Stonehaven reveals an array of irrelevant, harassing information, the instant Motion is narrowly tailored to only private tax documents and confidential financial statements sought by Stonehaven's requests.

## III.   BASIS FOR ISSUING PROTECTIVE ORDER

### A.   Motions for Protective Order May Be Brought to Prevent A Third-Party from Unwarranted Abuse and Harassment Stemming from Irrelevant Discovery Requests.

Federal Rule of Civil Procedure 26(c)(1) provides, in relevant part, that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending …[and] The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:  (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; (C)

1  prescribing a discovery method other than the one selected by the party seeking discovery; (D)

2  forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain

3  matters; …[and] (G) requiring that a trade secret or other confidential research, development, or

4  commercial information not be revealed or be revealed only in a specified way."

5      Subsection (c) to Rule 26 "underscores the extensive control that district courts have over

6  the discovery process, authorizing courts to make any order which justice requires to protect a

7  party or person from annoyance, embarrassment, oppression, or undue burden or expense."

8  *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 369 (citing 8 C. Wright and

9  A. Miller, Federal Practice and Procedure: Civil § 2036 at 267).

10      Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery to only such

11  information that it nonprivileged, relevant to any party's claim or defense, and proportional to the

12  needs of the case."

13      Stonehaven's subpoenas and accompanying requests for production seeking the

14  production of tax return information and Aslanian Parties' confidential financial statements from

15  an accountant and lender do not fall within the scope of discovery in connection with the October

16  11, 2019 Preliminary Injunction hearing.  Stonehaven has issued these requests to continue to

17  harass Aslanian Parties, impair their professional business relationships, and otherwise undermine

18  attempts to pay off the debt owed to Stonehaven. By seeking protected financial information of

19  the Aslanian Parties, Stonehaven is attempting to perform the same type of discovery that they

20  were enjoined from conducting per the Court's September 20, 2019 Temporary Restraining

21  Order.  Notably, Aslanian Parties have no objection to the production of responsive, non-

22  confidential documents relating to the Debtor, 120 Stonehaven (the "Property"), Debtor's

23  attempts to refinance the Property, or Debtor's attempts to pay off the existing debt on the

24  Property, and have advised Stonehaven's counsel of the same.

25      **B.      Tax Return Information is Protected from Disclosure**

26      The Ninth Circuit Court of Appeals recognizes a public policy against unnecessary

27  disclosure of tax returns.  *See, e.g.,  Premium Services Corp. v. Sperry & Hutchinson Co.,* 511

28  F.2d 225, 229 (9th Cir. 1975) (sustaining objection to subpoena seeking production of tax returns

1   as to individual and his affiliated entity in anti-trust litigation); *Sandoval v. Lagoon Assocs.*, LLC,

2   No. CV 15-04880 RGK (RAOx), 2016 U.S. Dist. LEXIS 41473, at *8 (C.D. Cal. Mar. 23, 2016)

3   (declining to compel discovery of tax return information on grounds that the financial information

4   sought through tax returns could be provided through other discovery methods). *Sandoval*

5   explains that courts generally apply a two-pronged test to balance the liberal scope of discovery

6   and the policy favoring the confidentiality of tax returns. *Id.* at 8. First, the court must find that

7   the returns are relevant to the subject matter of the action. *Id.* Second, the court must find that

8   there is a compelling need for the returns because the information contained therein is not

9   otherwise readily obtainable. *Id.* at 8-9 [internal citations omitted].

10          Here, the tax return information of the Aslanian Parties' has no bearing on whether a

11   Preliminary Injunction should be issued to enjoin Stonehaven from continuing to pursue its

12   judgment collection efforts against Mr. Aslanian while he attempts to manage and participate in

13   the litigation as to the title of the Property, and, while he attempts to plan for the sale of the

14   Property and its refinance so that the personal judgment held against him by Stonehaven can be

15   paid and he can assist Mammoth with a successful reorganization.  See 8/28/19 Aslanian Decl. ¶

16   7, Exh. 3 to Tragish Decl. Stonehaven has no legitimate need for tax return information, much

17   less a compelling one, to oppose Mammoth's application for a Preliminary Injunction on October

18   11, 2019.

19   **IV.    <u>CONCLUSION</u>**

20          For the reasons set forth herein, the Aslanian Parties respectfully request the Honorable

21   Court enter a Protective Order precluding the production of Aslanian Parties' tax return information

22   and any financial statements responsive to the subpoenas issued to First Choice Bank and Nadel

23   CPA.

24

25

26

27

28

**ASLANIAN PARTIES' MOTION FOR PROTECTIVE ORDER**

1    DATED: October 9, 2019                    **CSREEDER, PC**

2                                              By:_____

3                                                   Christopher S. Reeder
                                                   Benjamin S. Tragish
4
                                              **ATTORNEYS FOR ARTHUR ASLANIAN,**
5                                             **ANITA ASLANIAN, LJ PROPERTIES, INC.**
                                              **AND RIVERSIDE INVESTORS, LLC**
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ASLANIAN PARTIES' MOTION FOR PROTECTIVE ORDER**

## **DECLARATION OF BENJAMIN S. TRAGISH**

I, BENJAMIN S. TRAGISH, declare as follows:

1.      I am an attorney with CSReeder, PC, counsel to Arthur Aslanian, Anita Aslanian, Riverside Investors, LLC, and LJ Properties, Inc. ("Aslanian Parties") with respect to various discovery issues in this matter. I am duly admitted to practice before all Courts of the State of California. I have personal knowledge of all matters stated herein, and if called as a witness, I could and would testify thereto under oath.

2.      This Declaration is given in support of Arthur Aslanian, Anita Aslanian, Riverside Investors, LLC's, and LJ Properties, Inc.'s Emergency Motion for Protective Order with Regard to Private Tax Return and Confidential Financial Information Sought by Stonehaven LLC ("Stonehaven").

3.      On September 23, 2019, counsel for Stonehaven emailed copies of deposition subpoenas to Nadel CPA and First Choice Bank to counsel for Mammoth Investors, LLC, along with subpoenas and notices of deposition to Arthur Aslanian, Anita Aslanian, LJ Properties, Inc. and Riverside Investors, LLC seeking deposition and production dates of September 30, 2019. Copies of the subpoenas were later obtained by CSReeder, PC before assuming representation of the Aslanian Parties with respect to the outstanding discovery requests. On September 30, 2019, Aslanian Parties issued objections to the subpoenas issued to the Aslanian Parties.

4.      On Thursday, October 3, 2019, counsel for Stonehaven emailed copies of deposition subpoenas to CSReeder, PC regarding the depositions of First Choice Bank and Nadel CPA.  Attached hereto as **Exhibit 1** is true and correct copy of further deposition notices relating to First Choice Bank and Nadel CPA as received by CSReeder, PC on October 3, 2019.

5.      Attached hereto as **Exhibit 2** is a true and correct copy of the Temporary Restraining Order entered by the Court on September 20, 2019.

6.      Attached hereto as **Exhibit 3** is a true and correct copy of the Declaration of Arthur Aslanian submitted in support of Mammoth Investors, LLC's Motion for Temporary Restraining Order and Preliminary Injunction.

**ASLANIAN PARTIES' MOTION FOR PROTECTIVE ORDER**

7.     Attached hereto as **Exhibit 4** are true and correct copies of objections served by Aslanian Parties' counsel on Stonehaven's counsel on Friday, October 4, 2019 to the First Choice Bank and Nadel CPA subpoenas.

8.     Attached hereto as **Exhibit 5** is a true and correct copy of correspondence from Shelby Linka of Nadel CPA to counsel for Stonehaven, sent on Tuesday, October 8, 2019.

9.     Attached hereto as **Exhibit 6** is a true and correct copy of correspondence from Shelby Linka of Nadel CPA to counsel for Stonehaven, sent on Wednesday, October 9, 2019.

10.     I initiated meet and confer attempts with Stonehaven's counsel on Wednesday, October 9, 2019, the day after receiving confirmation that the deposition of First Choice Bank would go forward on Thursday, October 10, 2019.  Attached hereto as **Exhibit 7** is a copy of meet and confer correspondence sent to Stonehaven's counsel on Wednesday, October 9, 2019. Unfortunately, due to the impending production date of Stonehaven's subpoenas and the Yom Kippur holiday, counsel for Aslanian Parties was not able to complete the meet and confer requirements of LBR 7026-1(c) prior to the date designated for the production of documents as to First Choice Bank, October 10, 2019, and prior to the October 11, 2019 evidentiary Hearing on 4402 Mammoth Investors, LLC's Motion for Preliminary Injunction.

11.     On or about 2:04 p.m. on Wednesday, October 9, 2019 I contacted the Court's chambers at the designated emergency order telephone line with counsel of record for 4402 Mammoth Investors, LLC, Mark Young, to inquire whether the Court would hear this Motion on an emergent basis. As of the filing of this Motion, Aslanian Parties have not received a determination from the Court regarding this Motion's exigency.

Executed on October 9, 2019 at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.

_____

BENJAMIN S. TRAGISH

**EXHIBIT 1**

MICHAEL H. WEISS, ESQ.
PROFESSIONAL CORPORATION
Michael H. Weiss (SBN 107481)
mhw@mhw-pc.com
6310 San Vicente Blvd., Suite 401
Los Angeles, California 90048
Telephone: 424-245-3100
Facsimile: 424-217-4160

THE LEICHTER FIRM, APC
Kevin J. Leichter, Esq.  (SBN 154143)
Andrew E. Hewitt, Esq. (SBN 314504)
10203 Santa Monica Boulevard, Fourth Floor
Los Angeles, California 90067
Tel: 310.229.0000
Email: kleichter@theleichterfirm.com
Email: ahewitt@theleichterfirm.com

Attorneys for Stonehaven, LLC

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

In re

4402 MAMMOTH INVESTORS, LLC,


                    Debtor


4402 MAMMOTH INVESTORS, LLC,
        Plaintiff,

    vs.

STONEHAVEN, LLC,
        Defendant.

Case No. 2:18-bk-12055-WB
Chapter 11
Adv. No. 2:19-ap-01289-WB

**FURTHER AMENDED NOTICES OF
DEPOSITIONS OF PLAINTIFF;
FIRST CHOICE BANK AND NADEL
CPA**

**TO PLAINTIFF DOC'S DREAM, LLC AND ITS ATTORNEYS OF RECORD:**

**DEPOSITION OF 4402 MAMMOTH INVESTORS, LLC**

**PLEASE TAKE NOTICE** that, under Federal Rule of Bankruptcy Procedure 7030(b)(6),

Defendant Stonehaven, LLC ("Defendant"), shall take the deposition upon oral examination of

Plaintiff 4402 Mammoth Investors, LLC ("Debtor") through one or more officers, directors,

agents or other representatives who shall be designated to testify on Plaintiff's behalf regarding

all information known or reasonably available to Plaintiff with respect to the subject matter

identified below.

　　　　This deposition shall commence on **October 10, 2019** at **9:00 a.m.** at the offices of **The**

**Leichter Firm, 10203 Santa Monica Boulevard, 4th Floor,  Los Angeles, California 90067**, or

at such other time and location as agreed upon by the parties, and shall be taken before a duly

certified court reporter.  The deposition will be recorded by stenographic means and may be

recorded by videotape.

　　　　NOTICE IS FURTHER GIVEN that Debtor shall bring and produce at the deposition, at

the time and place specified in this notice the documents and things as more particularly

described in Exhibit "A" hereto.

　　　　**NOTICE** IS FURTHER that, pursuant to Federal Rule of Bankruptcy Procedure

7030(b)(6), the matters on which examination is requested are as follows:

　　a.　All steps that Debtor has taken to refinance 120 Stonehaven Way, Los Angeles, CA 90025

　　　　(the "Property");

　　b.　All steps that Debtor has taken to sell the Property;

　　c.　All of the debts scheduled by Debtor on its schedules of assets and liabilities filed in this

　　　　bankruptcy case;

　　d.　All payments by Arthur Aslanian or any other party to pay the debts or other obligations

　　　　of Debtor since January 1, 2017;

　　e.　All facts relating to Debtor's acquisition of the property;

　　f.　All facts relating to Debtor's attempts to obtain possession of the Property;

MICHAEL H. WEISS, ESQ.
PROFESSIONAL CORPORATION
6310 San Vicente Boulevard, Suite 401
Los Angeles, CA 90048
Tel: (424) 245-3100

g.  All statements made by Debtor to third parties concerning the sale or refinancing of the Property;

h.  The means by which Debtor reports its gains and losses for tax purposes; and

i.  The means by which Debtor pays for services.

### NADEL DEPOSITION

PLEASE TAKE NOTICE that Defendant Stonehaven, LLC will take the deposition, on oral examination, of NADEL CPA ("NADEL"). The deposition will be taken on **October 8, 2019, 2019**, commencing at **2:00 p.m., at 6310 San Vicente Blvd., Suite 401, Los Angeles, California 90048**.

NOTICE IS FURTHER GIVEN that the matters on which examination is requested are (i) all debts owed by Debtor or Arthur Aslanian NADEL, (ii) loan applications filed by either Arthur Aslanian, (iii) any tax returns filed in past five years for Debtor, Arthur Aslanian, Anita Aslanian, LJ Properties, LLC or Riverside Investors, LLC, (iv) the acquisition and refinancing of 120 Stonehaven Way, Los Angeles, CA 90025, and (v) any financial statements prepared by any person for Debtor, Arthur Aslanian, Anita Aslanian, LJ Properties, LLC or Riverside Investors, LLC.  NADEL  must designate and produce at the deposition one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf as to matters known or reasonably available to the organization.  It is hereby requested that NADEL provide prompt notification in writing to the undersigned as to the name, address, telephone number, capacity, and job title of each person so designated to testify and the matters on which this person will testify.

NOTICE IS FURTHER GIVEN that NADEL shall bring and produce at the deposition, at the time and place specified in this notice as more the documents and things particularly described in Exhibit "B" hereto.

The deposition will be taken before officer, or a deposition officer who is authorized to administer an oath.  The testimony will be recorded by stenographic means.  If the deposition is not completed on the date specified in this notice, the taking of the deposition will continue from

MICHAEL H. WEISS, ESQ.
PROFESSIONAL CORPORATION
6310 San Vicenta Boulevard, Suite 401
Los Angeles, CA 90048
Tel: (424) 245-3100

day to day until completed.

**DEPOSITION OF FIRST CHOICE BANK**

PLEASE TAKE NOTICE that Defendant Stonehaven, LLC will take the deposition, on oral examination, of First Choice Bank ("FCB"). The deposition will be taken on **October 8, 2019, commencing at 10:00 a.m., at 6310 San Vicente Blvd., Suite 401, Los Angeles, California 90048**.

NOTICE IS FURTHER GIVEN that the matters on which examination is requested are (i) all debts owed by Debtor or Arthur Aslanian FCB, (ii) loan applications filed by either Arthur Aslanian, (iii) any tax returns filed in past five years for Debtor, Arthur Aslanian, Anita Aslanian, LJ Properties, LLC or Riverside Investors, LLC, (iv) the acquisition and refinancing of 120 Stonehaven Way, Los Angeles, CA 90025, and (v) any financial statements prepared by any person for Debtor, Arthur Aslanian, Anita Aslanian, LJ Properties, LLC or Riverside Investors, LLC.  FCB  must designate and produce at the deposition one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf as to matters known or reasonably available to the organization.  It is hereby requested that FCB provide prompt notification in writing to the undersigned as to the name, address, telephone number, capacity, and job title of each person so designated to testify and the matters on which this person will testify.

NOTICE IS FURTHER GIVEN that FCB shall bring and produce at the deposition, at the time and place specified in this notice as more the documents and things particularly described in Exhibit "C" hereto.

The deposition will be taken before officer, or a deposition officer who is authorized to administer an oath.  The testimony will be recorded by stenographic means.  If the deposition is not completed on the date specified in this notice, the taking of the deposition will continue from day to day until completed.

MICHAEL H. WEISS, ESQ.
PROFESSIONAL CORPORATION
6310 San Vicente Boulevard, Suite 401
Los Angeles, CA 90048
Tel: (424) 245-5100

Dated: October 3, 2019.

MICHAEL. H. WEISS, ESQ.
PROFESSIONAL CORPORATION
THE LEICHTER FIRM APC
KEVIN J. LEICHTER
ANDREW E. HEWITT
By: /s/*Michael H. Weiss*
    Attorneys for STONEHAVEN,
    LLC, a California limited liability
    company

MICHAEL H. WEISS, ESQ.
PROFESSIONAL CORPORATION
6310 San Vicenta Boulevard, Suite 401
Los Angeles, CA 90048
Tel: (424) 245-5100

- 5 -

## EXHIBIT A
### 4402 Mammoth

**A.    Definitions**

Unless a contrary meaning clearly appears in the context, the following definitions shall apply to these requests:

1.    "Document" shall mean any document or electronically stored information on any medium, as defined in Federal Rule of Civil Procedure 34(a), including, but not limited to, papers, writings, tangible objects, letters, correspondence, bills, memoranda, internal and external electronic mail ("email"), notes, notations, messages, work papers, laboratory books, reports, photographs, computer presentations, electronic files, electronic transmissions, computer data, computer-stored data, computer-generated data, computer diskettes, CD-ROMs, video or audio tapes, spreadsheets, summaries, facsimiles, drawings, blueprints, notes of meetings, notes of telephone conversations, recordings, plans, and test results. "Document" includes any draft of a document and any non-identical copy of a document.

2.    "Thing" shall mean and include every kind of physical specimen or tangible item, as defined in Federal Rule of Civil Procedure 34, other than a document.

3.    "Person" shall mean any natural person, sole proprietorship, corporation, company, association, joint venture, firm, partnership, municipality, municipal entity, or other legal or business entity.

4.    "Communicate" and "Communications" shall mean the transmittal of information in the form of facts, ideas, inquiries, or otherwise, which include any meeting, conference, face-to-face conversation, e-mail communication, telephone conversation, or conference or communication used by any media, as well as any written, taped, or recorded communication of any kind whatsoever.

5.    "Refer," "Referring to," "Relate" or "Relating to" shall mean constituting, discussing, memorializing, containing, analyzing, embodying, reflecting, identifying, incorporating, mentioning, connected with, comprising, consisting, indicating, describing, referring, relating to, evidencing, showing, discussing, commenting on, considering, recommending, dealing with, pertaining to or involving in any way whatsoever, in whole or in part, the subject matter of the discovery request.

6.    "Plaintiff" means 4402 Mammoth Investors, LLC or to any of its officers, directors, employees, internal and outside counsel, agents, representatives, consultants, and any other person(s) acting under its control or on its behalf.

7.    "YOU" OR "YOUR" refers to Plaintiff

8.    "Debtor" refers to 4402 Mammoth Investors, LLC.

9.    "Complaint" refers to the operative complaint filed by Plaintiff in the present action.

10.    "Aslanian" refers to Arthur Aslanian or Anita Aslanian.

11.    The "Property" refers to 120 Stonehaven Way, Los Angeles, CA 90025

**B.    DOCUMENTS WITHHELD**

If any document is withheld under a claim of privilege or other protection, so as to aid the Court and the parties hereto to determine the validity of the claim of privilege or other protection, please provide the following information with respect to any such document:

1.    The identity of the person(s) who prepared the document, who signed it, and over whose name it was sent or issued;

2.    The identity of the person(s) to whom the document was directed;

3.    The nature and substance of the document with sufficient particularity to enable the Court and parties hereto to identify the document;

MICHAEL H. WEISS, ESQ.
PROFESSIONAL CORPORATION
6310 San Vicenta Boulevard, Suite 401
Los Angeles, CA 90048
Tel: (424) 245-3100

- 6 -

MICHAEL H. WEISS, ESQ.
PROFESSIONAL CORPORATION
6310 San Vicente Boulevard, Suite 401
Los Angeles, CA 90048
Tel: (424) 245-3100

4.    The date of the document;

5.    The identity of the person(s) having custody of or control over the document and each copy thereof;

6.    The identity of each person to whom copies of the document were furnished;

7.    The number of pages;

8.    The basis on which any privilege or other protection is claimed; and

9.    Whether any non-privileged or non-protected matter is included in the document.

**C.    PARTIAL PRODUCTION**

Whenever YOU object to a particular demand, or portion thereof, YOU must produce all documents called for which are not subject to that objection.  Similarly, wherever a document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of Plaintiff's knowledge, information and belief and with as much particularity as possible, those portions of the document which are not produced.

**D.    ORDERLY RESPONSE**

Whenever it is reasonably practicable, please produce documents in such a manner as will facilitate their identification with the particular demand or category of demands to which they are responsive.

**E.    CONSTRUCTION OF "AND" AND "OR"**

As used herein, the words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this Demand any document which would otherwise not be brought within its scope.

**F.    CONSTRUCTION OF THE SINGULAR AND PLURAL FORMS**

As used herein, the singular form shall include the plural and vice versa wherever such dual construction will serve to bring within the scope of this Demand any document which would otherwise not be brought within its scope.

**DOCUMENTS TO BE PRODUCED**

1.    All documents and communications relating to any valuation of the Property.

2.    All documents and communications relating to any efforts to refinance the Property, including but not limited to any loan application and any all attachments any such applications.

3.    All documents and communications relating any proposed or completed renovation of the Property.

4.    All documents and communications relating to any obligations of Debtor to any creditor listed in Schedule F of the Bankruptcy Schedules filed by Debtor in its bankruptcy case.

5.    All documents and communications related to any offers received since January 1, 2108 for the sale of the Property.

6.    Any and all communications with any appraiser of the value of the Property since January 1, 2018.

7.    Any retainer agreement with Young & Donohoe, LLP or Greenberg Glusker at al.

8.    Copies of all documents evidencing any payment to any law firm or accountant for services provided to Debtor.

9.    All documents evidencing any communications with Daron Campbell, Concord Real Estate Services, or Yaron Samuha.

10.    All documents evidencing any communications with Daron Campbell regarding the Property.

11.    All documents showing the payment of any obligation of the Debtor.

- 7 -

MICHAEL H. WEISS, ESQ.
PROFESSIONAL CORPORATION
6310 San Vicenta Boulevard, Suite 401
Los Angeles, CA 90048
Tel: (424) 245-3100

## EXHIBIT "B"

## NADEL CPA

### A.    Definitions

Unless a contrary meaning clearly appears in the context, the following definitions shall apply to these requests:

1.    "Document" shall mean any document or electronically stored information on any medium, as defined in Federal Rule of Civil Procedure 34(a), including, but not limited to, papers, writings, tangible objects, letters, correspondence, bills, memoranda, internal and external electronic mail ("email"), notes, notations, messages, work papers, laboratory books, reports, photographs, computer presentations, electronic files, electronic transmissions, computer data, computer-stored data, computer-generated data, computer diskettes, CD-ROMs, video or audio tapes, spreadsheets, summaries, facsimiles, drawings, blueprints, notes of meetings, notes of telephone conversations, recordings, plans, and test results. "Document" includes any draft of a document and any non-identical copy of a document.

2.    "Thing" shall mean and include every kind of physical specimen or tangible item, as defined in Federal Rule of Civil Procedure 34, other than a document.

3.    "Person" shall mean any natural person, sole proprietorship, corporation, company, association, joint venture, firm, partnership, municipality, municipal entity, or other legal or business entity.

4.    "Communicate" and "Communications" shall mean the transmittal of information in the form of facts, ideas, inquiries, or otherwise, which include any meeting, conference, face-to-face conversation, e-mail communication, telephone conversation, or conference or communication used by any media, as well as any written, taped, or recorded communication of any kind whatsoever.

5.    "Refer," "Referring to," "Relate" or "Relating to" shall mean constituting, discussing, memorializing, containing, analyzing, embodying, reflecting, identifying, incorporating, mentioning, connected with, comprising, consisting, indicating, describing, referring, relating to, evidencing, showing, discussing, commenting on, considering, recommending, dealing with, pertaining to or involving in any way whatsoever, in whole or in part, the subject matter of the discovery request.

6.    "Plaintiff" means 4402 Mammoth Investors, LLC or to any of its officers, directors, employees, internal and outside counsel, agents, representatives, consultants, and any other person(s) acting under its control or on its behalf.

7.    "You" or "Your" refers to NADEL CPA

8.    "Debtor" refers to 4402 Mammoth Investors, LLC.

9.    "Complaint" refers to the operative complaint filed by Plaintiff in the present action.

10.    "Aslanian" refers to Arthur Aslanian or Anita Aslanian.

11.    The "Property" refers to 120 Stonehaven Way, Los Angeles, CA 90025

### G.    DOCUMENTS WITHHELD

If any document is withheld under a claim of privilege or other protection, so as to aid the Court and the parties hereto to determine the validity of the claim of privilege or other protection, please provide the following information with respect to any such document:

10.    The identity of the person(s) who prepared the document, who signed it, and over whose name it was sent or issued;

11.    The identity of the person(s) to whom the document was directed;

- 8 -

12.    The nature and substance of the document with sufficient particularity to enable the Court and parties hereto to identify the document;

13.    The date of the document;

14.    The identity of the person(s) having custody of or control over the document and each copy thereof;

15.    The identity of each person to whom copies of the document were furnished;

16.    The number of pages;

17.    The basis on which any privilege or other protection is claimed; and

18.    Whether any non-privileged or non-protected matter is included in the document.

**H.    PARTIAL PRODUCTION**

Whenever YOU object to a particular demand, or portion thereof, YOU must produce all documents called for which are not subject to that objection.  Similarly, wherever a document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of Plaintiff's knowledge, information and belief and with as much particularity as possible, those portions of the document which are not produced.

**I.    ORDERLY RESPONSE**

Whenever it is reasonably practicable, please produce documents in such a manner as will facilitate their identification with the particular demand or category of demands to which they are responsive.

**J.    CONSTRUCTION OF "AND" AND "OR"**

As used herein, the words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this Demand any document which would otherwise not be brought within its scope.

**K.    CONSTRUCTION OF THE SINGULAR AND PLURAL FORMS**

As used herein, the singular form shall include the plural and vice versa wherever such dual construction will serve to bring within the scope of this Demand any document which would otherwise not be brought within its scope.

**DOCUMENTS TO BE PRODUCED**

1.    All documents and communications relating to any valuation of the Property.

2.    All documents and communications relating to any efforts to refinance the Property, including but not limited to any loan application and any all attachments any such applications.

3.    All documents and communications relating any proposed or completed renovation of the Property.

4.    All documents and communications relating to any obligations of Debtor to any creditor listed in Schedule F of the Bankruptcy Schedules which is attached hereto as Exhibit "A" filed by Debtor in its bankruptcy case.

5.    Any and all documents evidencing payments to or from Aslanian or Debtor.

6.    All tax returns prepared for Aslanian, the Debtor, or any entity of which Aslanian is the chief executive officer, president, secretary, chief financial officer, treasure, managing member or manager prepared since January 1, 2015.

7.    All financial statements prepared for Aslanian or reviewed you, the Debtor, or any entity of which Aslanian is the chief executive officer, president, secretary, chief financial officer, treasure, managing member or manager prepared since January 1, 2015.

8.    Copies of all documents evidencing any payment to any law firm or accountant for services provided to Debtor.

MICHAEL H. WEISS, ESQ.
PROFESSIONAL CORPORATION
6310 San Vicenta Boulevard, Suite 401
Los Angeles, CA 90048
Tel: (424) 245-3100

9.     All documents evidencing any communications with Daron Campbell, Concord Real Estate Services, or Yaron Samuha.

10.     All documents showing the payment of any obligation of the Debtor.

11.     All documents or communications concerning the Property.

12.     All documents or communication for the financing or refinancing of the Property.

MICHAEL H. WEISS, ESQ.
PROFESSIONAL CORPORATION
6310 San Vicenta Boulevard, Suite 401
Los Angeles, CA 90048
Tel: (424) 245-3100

## EXHIBIT C

## FIRST CHOICE BANK

**B.**    **Definitions**

Unless a contrary meaning clearly appears in the context, the following definitions shall apply to these requests:

1.    "Document" shall mean any document or electronically stored information on any medium, as defined in Federal Rule of Civil Procedure 34(a), including, but not limited to, papers, writings, tangible objects, letters, correspondence, bills, memoranda, internal and external electronic mail ("email"), notes, notations, messages, work papers, laboratory books, reports, photographs, computer presentations, electronic files, electronic transmissions, computer data, computer-stored data, computer-generated data, computer diskettes, CD-ROMs, video or audio tapes, spreadsheets, summaries, facsimiles, drawings, blueprints, notes of meetings, notes of telephone conversations, recordings, plans, and test results. "Document" includes any draft of a document and any non-identical copy of a document.

2.    "Thing" shall mean and include every kind of physical specimen or tangible item, as defined in Federal Rule of Civil Procedure 34, other than a document.

3.    "Person" shall mean any natural person, sole proprietorship, corporation, company, association, joint venture, firm, partnership, municipality, municipal entity, or other legal or business entity.

4.    "Communicate" and "Communications" shall mean the transmittal of information in the form of facts, ideas, inquiries, or otherwise, which include any meeting, conference, face-to-face conversation, e-mail communication, telephone conversation, or conference or communication used by any media, as well as any written, taped, or recorded communication of any kind whatsoever.

5.    "Refer," "Referring to," "Relate" or "Relating to" shall mean constituting, discussing, memorializing, containing, analyzing, embodying, reflecting, identifying, incorporating, mentioning, connected with, comprising, consisting, indicating, describing, referring, relating to, evidencing, showing, discussing, commenting on, considering, recommending, dealing with, pertaining to or involving in any way whatsoever, in whole or in part, the subject matter of the discovery request.

6.    "Plaintiff" means 4402 Mammoth Investors, LLC or to any of its officers, directors, employees, internal and outside counsel, agents, representatives, consultants, and any other person(s) acting under its control or on its behalf.

7.    "You"  or "Your" refers to Riverside Investors, LLC

8.    "Debtor" refers to 4402 Mammoth Investors, LLC.

9.    "Complaint" refers to the operative complaint filed by Plaintiff in the present action.

10.    "Aslanian" refers to Arthur Aslanian or Anita Aslanian.

11.    The "Property" refers to 120 Stonehaven Way, Los Angeles, CA 90025

**L.**    **DOCUMENTS WITHHELD**

If any document is withheld under a claim of privilege or other protection, so as to aid the Court and the parties hereto to determine the validity of the claim of privilege or other protection, please provide the following information with respect to any such document:

19.    The identity of the person(s) who prepared the document, who signed it, and over whose name it was sent or issued;

20.    The identity of the person(s) to whom the document was directed;

MICHAEL H. WEISS, ESQ.
PROFESSIONAL CORPORATION
6310 San Vicente Boulevard, Suite 401
Los Angeles, CA 90048
Tel: (424) 245-3100

21.    The nature and substance of the document with sufficient particularity to enable the Court and parties hereto to identify the document;

22.    The date of the document;

23.    The identity of the person(s) having custody of or control over the document and each copy thereof;

24.    The identity of each person to whom copies of the document were furnished;

25.    The number of pages;

26.    The basis on which any privilege or other protection is claimed; and

27.    Whether any non-privileged or non-protected matter is included in the document.

**M.    PARTIAL PRODUCTION**

Whenever YOU object to a particular demand, or portion thereof, YOU must produce all documents called for which are not subject to that objection.  Similarly, wherever a document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of Plaintiff's knowledge, information and belief and with as much particularity as possible, those portions of the document which are not produced.

**N.    ORDERLY RESPONSE**

Whenever it is reasonably practicable, please produce documents in such a manner as will facilitate their identification with the particular demand or category of demands to which they are responsive.

**O.    CONSTRUCTION OF "AND" AND "OR"**

As used herein, the words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this Demand any document which would otherwise not be brought within its scope.

**P.    CONSTRUCTION OF THE SINGULAR AND PLURAL FORMS**

As used herein, the singular form shall include the plural and vice versa wherever such dual construction will serve to bring within the scope of this Demand any document which would otherwise not be brought within its scope.

**DOCUMENTS TO BE PRODUCED**

1.    All documents and communications relating to any obligation of Debtor or Aslanian to you.

2.    All documents and communications relating to any efforts to acquire the Property, including but not limited to any loan application and any all attachments to any such applications, including but not limited to any tax returns provided to You.

3.    All documents and communications relating any proposed or completed renovation of the Property.

4.    Any and all documents evidencing payments to You from either or from Aslanian or Debtor.

5.    Any and all documents evidencing payments from You to or for the benefit of Debtor or Aslanian

MICHAEL H. WEISS, ESQ.
PROFESSIONAL CORPORATION
6310 San Vicente Boulevard, Suite 401
Los Angeles, CA 90048
Tel: (424) 245-5100

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 6310 SAN VICENTE BLVD. # 401 LOS ANGLES, CA 90048

A true and correct copy of the foregoing document entitled (*specify*): **FURTHER AMENDED NOTICES OF DEPOSITIONS OF PLAINTIFF; FIRST CHOICE BANK AND NADEL CPA**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 9/25/19, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

n/a

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 9/25/19, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.

Mark Young <myoung@donahoeyoung.com>; Maria Garcia <MGarcia@donahoeyoung.com>; Taylor Williams TWilliams@donahoeyoung.com Ben Tragish <ben@csrlawyers.com>; Rick Shaffer <rick@raslaw.com>; Christopher Reeder <chris@csrlawyers.com> Shelby@nadelcpa.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/3/19 | MICHAEL H. WEISS | /S/ Michael H. Weiss |
|---------|------------------|----------------------|
| *Date* | *Printed Name* | *Signature* |

MICHAEL H. WEISS, ESQ.
PROFESSIONAL CORPORATION
6310 San Vicenta Boulevard, Suite 401
Los Angeles, CA 90048
Tel: (424) 245-3100

**EXHIBIT 2**



FILED & ENTERED

SEP 20 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kaaumoar  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>4402 MAMMOTH INVESTORS, LLC,<br><br><br><br>Debtor(s). | CHAPTER 11<br><br>Case No.:  2:18-bk-12055-WB<br>Adv No:   2:19-ap-01289-WB<br><br>**TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING ON PRELIMINARY INJUNCTION**<br><br>Date:         September 6, 2019<br>Time:        10:00 AM<br>Courtroom: 1375 |
| 4402 MAMMOTH INVESTORS, LLC,<br><br><br>Plaintiff(s),<br><br>    v.<br><br><br>STONEHAVEN LLC,<br><br><br>Defendant(s). | **<u>Hearing re Preliminary Injunction</u>**<br>Date:         October 11, 2019<br>Time:        10:00 a.m.<br>Courtroom: 1375 |

The "Motion for Temporary Restraining Order and Preliminary Injunction Restraining Stonehaven, LLC from Enforcing Judgment on Personal Guarantee Against Debtor's Principal" filed herein by Plaintiff/Debtor/Debtor-in-Possession 4402 MAMMOTH INVESTORS, LLC

("Debtor") on August 28, 2019 ("the Motion"; Doc. 3) came on for hearing on September 6, 2019, on the 10:00 a.m. calendar, pursuant to an "Order Granting Application and Setting Hearing on Shortened Notice" entered August 30, 2019 (Doc. 7).   Debtor was represented by its attorneys, Mark T. Young and Maria L. Garcia of Donahoe & Young LLP.  Creditor/Defendant STONEHAVEN, LLC ("Stonehaven") was represented by its attorney, Michael H. Weiss of Michael H. Weiss Professional Corporation.  Kevin Leichter, state court counsel for Stonehaven, also appeared and made statements to the Court.  At the hearing held on September 6, 2019, the Court orally granted a temporary restraining order.

On September 10, 2019, Debtor lodged a proposed "Temporary Restraining Order and Order Setting Hearing on Preliminary Injunction" (Doc. 16).  The same day Stonehaven filed the "Objections to Order for Temporary Restraining Order and Preliminary Injunction Lodged by Plaintiff and Declaration of Michel [Sic] H. Weiss" (Doc. 17).  On September 13, 2019, Debtor lodged a "[Revised/Proposed] Temporary Restraining Order and Order Setting Hearing on Preliminary Injunction" (Doc. 20) and filed a "Response to 'Objections to Order for Temporary Restraining Order and Preliminary Injunction Lodged by Plaintiff and Declaration of Michel [Sic] H. Weiss'" (Doc. 21).  On September 17, 2019, Stonehaven filed a "Reply to Response to Objections to Order for Temporary Restraining Order and Preliminary Injunction Lodged by Plaintiff" (Doc. 22).   Thereafter, the Court set a hearing on the objection to the proposed temporary restraining order, which was held on September 19, 2019 at 2:00 p.m.  Debtor was represented by its attorney, Maria L. Garcia of Donahoe & Young LLP.  Creditor/Defendant Stonehaven was represented by its attorney, Michael H. Weiss of Michael H. Weiss Professional Corporation.  Kevin Leichter and Andrew Hewitt, state court counsel for Stonehaven, also appeared.

///

///

///

///

///

-2-

The Court having considered the Motion, the opposition thereto filed by Stonehaven on September 4, 2019 (Doc. 14) and the Errata thereto filed on September 5, 2019 (Doc. 15), the pleadings, records and files herein, and having heard argument of counsel,

A.      Issues this Temporary Restraining Order for the reasons and findings stated on the record and as follows:

### 1.      Likelihood of Success on the Merits

The likelihood of success on the merits requires a showing that Debtor has a reasonable likelihood of successful reorganization.   At this time, the Court finds that Debtor has a reasonable likelihood of successful reorganization.   As of today, Debtor's objection to Stonehaven's claim will be resolved on October 7, 2019.  Once resolved, Debtor may confirm a plan that sells or refinances Debtor's real property, Debtor's only substantial asset.

The Court further notes that this may change.  Stonehaven may give evidence regarding the likelihood of reorganization at the hearing on the Motion for Preliminary Injunction on October 11, 2019.

### 2.      Likelihood of Irreparable Injury

At this time, the Court finds a likelihood of irreparable injury to Debtor and Debtor's reorganization.  On July 29, 2019, Stonehaven filed a "Motion for Order to Charge Cross-Defendant and Judgment Debtor Arthur Aslanian's Membership Interest in 4402 Mammoth Investors, LLC and to Foreclose on Judgment Debtor's Interest" (the "Charging Order Motion") in the State Court Action, which is set for hearing on September 23, 2019 before the State Court. If that motion is granted, Mr. Aslanian will lose his interest in Debtor and Stonehaven will take control of Debtor.  This could cause irreparable injury to Debtor and Debtor's reorganization efforts concerning the sale or refinance of the real property.

### 3.      Balance of the Hardships

At this time, the balance of the hardships weighs in favor of Debtor because of the loss and the fact that Stonehaven is adequately protected by an adequate equity cushion.  However, the Court notes that the equity cushion may diminish depending on the outcome of Debtor's objection to Stonehaven's proof of claim, including the default interest.  This Order is to allow

Mr. Aslanian to focus on and not be distracted from his efforts to reorganize this chapter 11 case.

### 4. Advancement of the Public Interest

The interest in proceeding with Debtor's reorganization process outweighs, at least on a short-term basis, moving forward with the collection and foreclosure against Mr. Aslanian. In addition, there is a strong public interest to protect the integrity of the bankruptcy process, until the preliminary injunction hearing, by staying the foreclosure that would effectively nullify the Court's ruling denying Stonehaven's motion for relief from stay.

B.    HEREBY ORDERS that the Motion is GRANTED on the following terms:

1.    Stonehaven is restrained and enjoined from propounding post-judgment discovery on Mr. Arthur Aslanian ("Mr. Aslanian") and his wife, Mrs. Anita Aslanian ("Mrs. Aslanian"), to enforce its Judgment against Mr. Aslanian in the State Court action entitled <u>4402 Mammoth Investors, LLC v. Stonehaven, LLC</u> (Los Angeles County Superior Court Case No. BC 656986) (the "State Court Action"), provided however that Stonehaven may file an application for order for Appearance and Examination of Mrs. Aslanian and may serve any order obtained on Mrs. Aslanian.

2.    Stonehaven is enjoined from proceeding with the Motion for Charging Order and will continue the hearing on that motion to a date after October 11, 2019.

3.    Stonehaven is not enjoined or restrained from continuing efforts to obtain liens against Mr. Aslanian's assets.

4.    The date and hour of issuance of this Order is as of the entry of this Order on the Court's docket.  The Order will remain in effect until the conclusion of the hearing on Debtor's Motion for Preliminary Injunction in this adversary proceeding, scheduled for October 11, 2019 at 10:00 a.m. (advanced from the previously-announced hearing date of November 5, 2019 at 2:00 p.m.) in Courtroom 1375 of the above-referenced Court.    Parties may file supplemental pleadings to address the issues set forth at the hearing by October 4, 2019.

5.    A status conference will be held on September 26, 2019 at 4:00 p.m. via telephone to set discovery deadlines, including but not limited to the meet and confer deadline. To the extent the parties have agreed on a discovery schedule and have jointly determined that

the status hearing is not needed, the parties shall jointly notify the Court by telephone by 4:00

p.m. on September 25, 2019, and the Court will take the status hearing off calendar.

###

Date: September 20, 2019

Julia W. Brand
United States Bankruptcy Judge

**EXHIBIT 3**

DONAHOE & YOUNG LLP
25152 SPRINGFIELD COURT, SUITE 345
VALENCIA, CALIFORNIA 91355-1081
TELEPHONE (661) 259-9000

# DECLARATION OF ARTHUR R. ASLANIAN

I, ARTHUR R. ASLANIAN, declare as follows:

1.    I am the Manager of 4402 MAMMOTH INVESTORS, LLC ("Mammoth"), a California limited liability company.  Mammoth is the debtor/debtor-in-possession in this Chapter 11 case.  I am over the age of 21 years.  I have personal knowledge of all matters stated herein, and if called as a witness could and would testify thereto under oath.

2.    This Declaration is given in support of Mammoth's "Motion for Temporary Restraining Order and Preliminary Injunction Restraining Stonehaven, LLC, from Enforcing Judgement on Personal Guarantee Against Debtor's Principal" (the "Motion ").

3.    Mammoth acquired title to the real property commonly known as 120 Stonehaven Drive, Los Angeles, California 90049 ("the "Property") by a Grant Deed recorded in the Official Records of Los Angeles County on May 29, 2015 (Instrument No. 2015-064413).  The purchase price of the Property paid by Mammoth was $2,000,000, of which $1,500,000 was funded by a loan from Vicino Limited Partnership ("Vicino") to Mammoth as stated in a "Promissory Note Secured by Deed of Trust" dated May 22, 2015 ("the Note").  The Note was for a one-year term, maturing as of June 1, 2016.

4.    The Note was secured by a Deed of Trust on the Property in favor of Vicino (the "Deed of Trust") recorded in the Official Records of Los Angeles County on May 29, 2015 as Instrument No. 2015-0624414.

5.    Concurrently with the execution of the Note and Deed of Trust by Mammoth, I executed a "Guaranty" by which I personally guaranteed Mammoth's obligations on the Note.

6.    After the Note had matured, on or about August 10, 2016, Vicino transferred the beneficial interest in the Note and Deed of Trust to STONEHAVEN, LLC ("Stonehaven").

7.    I am the only Manager of Mammoth, and its majority Member.  All decisions of Mammoth are mine, and Mammoth only acts through me.  At present my efforts for Mammoth consist of managing and participating in the remaining litigation as to title to the Property (the second of the two cases challenging Mammoth's title is set for trial on September 11, 2019), possession of the Property (trial in the unlawful detainer case is set for September 4, 2019), and the

DONAHOE & YOUNG LLP
25152 SPRINGFIELD COURT, SUITE 345
VALENCIA, CALIFORNIA 91355-1081
TELEPHONE (661) 259-9000

1    amount of Stonehaven's claim (an evidentiary hearing in this Court is set for September 6, 2019),

2    as well as planning for the sale of the Property and/or its refinance.  However, due to Stonehaven's

3    ongoing aggressive enforcement of its judgment against me personally on the Guaranty, my time,

4    energy and resources are being consumed by my personal defense and complying with judgment

5    debtor discovery, and such time, energy and resources are being substantially diverted from my

6    management duties as to Mammoth.  If Stonehaven's judgment enforcement effects against me are

7    temporarily enjoined, I can fulfill my duties to see Mammoth through to a successful reorganization.

8        8.    At the judgment debtor examination on August 19, 2019, counsel for Stonehaven

9    (Kevin Leichter) arrived late; my counsel (Geoffrey Melkonian) and I were required to wait over

10    two (2) hours, and then I was subjected to questioning for approximately four (4) hours, without a

11    lunch break.  At one point late in the day, Mr. Leichter threatened me with reporting me to Federal

12    and State taxing authorities, and suggested that I assert my Fifth  Amendment right against self-

13    incrimination.

14        9.    On August 22, 2019, Mr. Leichter came to my residence and took photographs (or

15    video), for unknown purposes.  He also went to my office that day, and harassed my office staff.

16        10.    My judgment debtor examination resumed on August 26, 2019. At that session, Mr.

17    Leichter: (a) acknowledged that he had gone to my home and communicated with contractors

18    performing work at my home on August 22 (see Paragraph 9 above); (b) threatened to report my

19    counsel (Benjamin Tragish) to the State Bar for asserting a privilege in responding to questions

20    regarding taxes; and (c) informed Mr. Tragish and me that Shahram Elyaszadeh's father (one of the

21    occupants of the Property) had recently passed away, and that therefore a settlement of Mammoth's

22    pending unlawful detainer action is now more possible.

23        Executed on August 28, 2019 at Glendale, California.

24        I declare under penalty of perjury that the foregoing is true and correct.

25

26

27        ARTHUR R. ASLANIAN

28

DECLARATION OF ARTHUR ASLANIAN

# EXHIBIT 4

1   Christopher S. Reeder, Bar No. 193041
    Chris@csrlawyers.com
2   Benjamin S. Tragish, Bar No. 292188
    Ben@csrlawyers.com
3   CSReeder, PC
    11766 Wilshire Blvd., Suite 1470
4   Los Angeles, CA 90025
    Tel: (310) 861-2470
5
6   Attorneys for Arthur Aslanian, Anita Aslanian,
    LJ Properties, Inc. and Riverside Investors, LLC

7                   UNITED STATES BANKRUPTCY COURT

8                   CENTRAL DISTRICT OF CALIFORNIA

9

10  In re                                    Case No. 2:18-bk-12055-WB
                                             Chapter 11
11  4402 MAMMOTH INVESTORS, LLC,             Adv. No. 2:19-ap-01289-WB

12            Debtor,

13  _____          ARTHUR ASLANIAN, ANITA ASLANIAN,
    4402 MAMMOTH INVESTORS, LLC,             LJ PROPERTIES, INC., AND RIVERSIDE
                                             INVESTORS, LLC'S OBJECTION TO
14            Plaintiff                      AMENDED NOTICE OF DEPOSITION TO
                                             NADEL CPA TO TESTIFY AT A
15       v.                                  DEPOSITION IN A BANKRUPTCY CASE
                                             (OR ADVERSARY PROCEEDING)
16  STONEHAVEN, LLC

17            Defendant.                     Date:       October 8, 2019
                                             Time:       2:00 p.m.
18                                           Location:   6310 San Vicente Blvd.,
                                                         Suite 401
19                                                       Los Angeles, CA 90048

20

21

22

23

24

25

26

27
    ///
28
                                    1
                   ARTHUR ASLANIAN AND ANITA ASLANIAN'S
         OBJECTION TO AMENDED NOTICE OF DEPOSITION TO FIRST CHOICE BANK

1    PLEASE TAKE NOTICE that Arthur Aslanian, Anita Aslanian, LJ Properties, Inc. and

2    Riverside Investors, LLC ("Responding Parties") hereby object to Stonehaven, LLC's

3    ("Stovehaven") Further Amended Notice of Deposition to Nadel CPA on the following grounds:

4    **GENERAL OBJECTION**

5    Responding Parties object to each and very item of information requested in Stonehaven's

6    Matters of Examination and Requests for Production to the extent the requests are overbroad and

7    call for the production of confidential, personal financial information related to one or more of the

8    Responding Parties, which exceed the reasonable and proportional scope of discovery and which

9    violate the Temporary Restraining Order executed by the Court on September 20, 2019.

10   Responding Parties do not object to responsive, non-confidential information relating to 4402

11   Mammoth Investors, LLC, the subject property, or attempts to refinance the subject property, so

12   long as the information does not require the production of private, confidential information

13   related to Responding Parties.

14   **MATTERS OF EXAMINATION**

15   **Item i) All debts owed by Debtor or Arthur Aslanian NADEL.**

16   Objection. This request calls for the production of confidential, personal financial

17   information related to Arthur Aslanian, which is irrelevant and exceeds the reasonable and

18   proportional scope of discovery and which violates the Temporary Restraining Order executed by

19   the Court on September 20, 2019. Responding Parties do not object to responsive, non-

20   confidential information relating to 4402 Mammoth Investors, LLC, the subject property, or

21   attempts to refinance the subject property so long as the information does not require the

22   production of private, confidential information related to Responding Parties.

23   **Item ii) Loan applications filed by either Arthur Aslanian.**

24   Objection. This request is vague and unintelligible. Further, it calls for the production of

25   confidential, personal financial information related to one or more of the Responding Parties,

26   which is irrelevant and exceeds the reasonable and proportional scope of discovery and which

27   violates the Temporary Restraining Order executed by the Court on September 20, 2019.

28

1   Responding Parties do not object to responsive, non-confidential information relating to 4402

2   Mammoth Investors, LLC, the subject property, or attempts to refinance the subject property so

3   long as the information does not require the production of private, confidential information

4   related to Responding Parties.

5         **Item iii) Any tax returns filed in past five years for Debtor, Arthur Aslanian, Anita**

6         **Aslanian, LJ Properties, LLC or Riverside Investors, LLC.**

7         Objection.  This request calls for the production of confidential, personal financial

8   information related to the Responding Parties, which is irrelevant and exceeds the reasonable and

9   proportional scope of discovery and which violates the Temporary Restraining Order executed by

10   the Court on September 20, 2019. This request explicitly seeks confidential tax return information

11   protected by the right of privacy. *See, e.g.*, *Premium Services Corp. v. Sperry & Hutchinson Co.*,

12   511 F.2d 225, 229 (9th Cir. 1975) *Sandoval v. Lagoon Assocs., LLC*, No. CV 15-04880 RGK

13   (RAOx), 2016 U.S. Dist. LEXIS 41473, at *8 (C.D. Cal. Mar. 23, 2016).  Responding parties

14   specifically and explicitly object to the production of any tax return information.   Responding

15   Parties do not object to responsive, non-confidential communications relating to 4402 Mammoth

16   Investors, LLC, the subject property, or attempts to refinance the subject property so long as the

17   information does not require the production of private, confidential information related to

18   Responding Parties.

19         **Item iv) The Acquisition and Refinancing of 120 Stonehaven Way, Los Angeles, CA**

20         **90025**

21         Responding Parties object to the limited extent that this request calls for the production of

22   information requiring the production of private, confidential information related to one or more of

23   the Responding Parties.  Responding Parties do not object to responsive, non-confidential

24   information relating to 4402 Mammoth Investors, LLC, the subject property, or attempts to

25   refinance the subject property.

26         **Item v) Any financial statements prepared by any person for Debtor, Arthur Aslanian,**

27         **Anita Aslanian, LJ Properties, LLC or Riverside Investors, LLC**

28         Objection.  This request calls for the production of confidential, personal financial

**ARTHUR ASLANIAN AND ANITA ASLANIAN'S**
**OBJECTION TO AMENDED NOTICE OF DEPOSITION TO FIRST CHOICE BANK**

1    information related to the Responding Parties, which is irrelevant and exceeds the reasonable and

2    proportional scope of discovery and which violates the Temporary Restraining Order executed by

3    the Court on September 20, 2019. Responding parties specifically and explicitly object to the

4    production of any tax return information.  *See, e.g.*, *Premium Services Corp. v. Sperry &*

5    *Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) *Sandoval v. Lagoon Assocs., LLC*, No. CV 15-

6    04880 RGK (RAOx), 2016 U.S. Dist. LEXIS 41473, at *8 (C.D. Cal. Mar. 23, 2016).

7    Responding Parties do not object to responsive, non-confidential information relating to 4402

8    Mammoth Investors, LLC, the subject property, or attempts to refinance the subject property so

9    long as the information does not require the production of private, confidential information

10    related to Responding Parties.

## **REQUESTS FOR PRODUCTION**

12    **Request No. 2: All documents and communications relating to any efforts to**

13    **refinance the Property, including but not limited to any loan application and any all**

14    **attachments any such applications.**

15    Objection. This request calls for the production of confidential, personal financial

16    information related to one or more of the Responding Parties, which is irrelevant and exceeds the

17    reasonable and proportional scope of discovery and which violates the Temporary Restraining

18    Order executed by the Court on September 20, 2019.  Responding Parties also object to the extent

19    this request calls for the production of confidential tax return information protected by the right of

20    privacy. *See, e.g.*, *Premium Services Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th

21    Cir. 1975) *Sandoval v. Lagoon Assocs., LLC*, No. CV 15-04880 RGK (RAOx), 2016 U.S. Dist.

22    LEXIS 41473, at *8 (C.D. Cal. Mar. 23, 2016).  Responding parties specifically and explicitly

23    object to the production of any tax return information.   Responding Parties do not object to

24    responsive, non-confidential communications relating to 4402 Mammoth Investors, LLC, the

25    subject property, or attempts to refinance the subject property so long as the information does not

26    require the production of private, confidential information related to Responding Parties.

27    **Request No. 5. Any and all documents evidencing payments to or from Aslanian or**

28    **Debtor.**

4

1   Objection. This request calls for the production of confidential, personal financial

2   information related to Responding Parties, which is irrelevant and exceeds the reasonable and

3   proportional scope of discovery and which violates the Temporary Restraining Order executed by

4   the Court on September 20, 2019.  Responding Parties also object to the extent this request calls

5   for the production of confidential tax return information protected by the right of privacy. *See,*

6   *e.g.*, *Premium Services Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975)

7   *Sandoval v. Lagoon Assocs., LLC*, No. CV 15-04880 RGK (RAOx), 2016 U.S. Dist. LEXIS

8   41473, at *8 (C.D. Cal. Mar. 23, 2016).  Responding parties specifically and explicitly object to

9   the production of any tax return information.   Responding Parties do not object to responsive,

10   non-confidential communications relating to 4402 Mammoth Investors, LLC, the subject

11   property, or attempts to refinance the subject property so long as the information does not require

12   the production of private, confidential information related to Responding Parties.

13   **Request No. 6. All tax returns prepared for Aslanian, the Debtor, or any entity of**

14   **which Aslanian is the chief executive officer, president, secretary, chief financial officer,**

15   **treasure, managing member or manager prepared since January 1, 2015.**

16   Objection. This request calls for the production of confidential, personal financial

17   information related to the Responding Parties, which is irrelevant and exceeds the reasonable and

18   proportional scope of discovery and which violates the Temporary Restraining Order executed by

19   the Court on September 20, 2019.  This request explicitly seeks confidential tax return

20   information protected by the right of privacy. *See, e.g.*, *Premium Services Corp. v. Sperry &*

21   *Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) *Sandoval v. Lagoon Assocs., LLC*, No. CV 15-

22   04880 RGK (RAOx), 2016 U.S. Dist. LEXIS 41473, at *8 (C.D. Cal. Mar. 23, 2016).

23   Responding parties specifically and explicitly object to the production of any tax return

24   information.   Responding Parties do not object to responsive, non-confidential communications

25   relating to 4402 Mammoth Investors, LLC, the subject property, or attempts to refinance the

26   subject property so long as the information does not require the production of private, confidential

27   information related to Responding Parties.

28   **Request No. 7: All financial statements prepared for Aslanian or reviewed you, the**

5

1   **Debtor, or any entity of which Aslanian is the chief executive officer, president, secretary,**

2   **chief financial officer, treasure, managing member or manager prepared since January 1,**

3   **2015.**

4       Objection. This request calls for the production of confidential, personal financial

5   information related to Responding Parties, which is irrelevant and exceeds the reasonable and

6   proportional scope of discovery and which violates the Temporary Restraining Order executed by

7   the Court on September 20, 2019.  This request also seeks confidential tax return information

8   protected by the right of privacy. *See, e.g.*, *Premium Services Corp. v. Sperry & Hutchinson Co.*,

9   511 F.2d 225, 229 (9th Cir. 1975) *Sandoval v. Lagoon Assocs., LLC*, No. CV 15-04880 RGK

10  (RAOx), 2016 U.S. Dist. LEXIS 41473, at *8 (C.D. Cal. Mar. 23, 2016).  Responding parties

11  specifically and explicitly object to the production of any tax return information.   Responding

12  Parties do not object to responsive, non-confidential communications relating to 4402 Mammoth

13  Investors, LLC, the subject property, or attempts to refinance the subject property so long as the

14  information does not require the production of private, confidential information related to

15  Responding Parties.

16      **Request No. 8:  Copies of all documents evidencing any payment to any law firm or**

17  **accountant for services provided to Debtor.**

18      Objection. This request calls for the production of irrelevant information which exceeds

19  the reasonable and proportional scope of discovery related to 4402 Mammoth Investors, LLC and

20  which violates the Temporary Restraining Order executed by the Court on September 20, 2019.

21      **Request No. 9: All documents evidencing any communications with Daron Campbell,**

22  **Concord Real Estate Services, or Yaron Samuha.**

23      Objection. This request exceeds the reasonable scope of discovery related to 4402

24  Mammoth Investors, LLC and is designed solely to harass the Responding Parties. Subject to and

25  without waiving said objections, Responding Parties do not object to responsive, non-confidential

26  documents relating to 4402 Mammoth Investors, LLC, the subject property, attempts to refinance

27  the subject property, and attempts to pay off the loan balance relating to the property.

28      **Request No. 11: All documents or communications concerning the Property.**

1    Responding Parties objected to this request to the limited extent it requires the deponent to

2    produce private, confidential information relating to any of the Responding Parties, including, but

3    not limited to, confidential tax return information protected by the right of privacy. *See, e.g.,*

4    *Premium Services Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) *Sandoval*

5    *v. Lagoon Assocs., LLC*, No. CV 15-04880 RGK (RAOx), 2016 U.S. Dist. LEXIS 41473, at *8

6    (C.D. Cal. Mar. 23, 2016).  Subject to and without waiving said objections, Responding Parties

7    do not object to responsive, non-confidential documents relating to 4402 Mammoth Investors,

8    LLC, the subject property, attempts to refinance the subject property, and attempts to pay off the

9    loan balance relating to the property.

10    **Request No. 12: All documents or communications for the financing or refinancing**

11    **of the Property.**

12    Responding Parties objected to this request to the limited extent it requires the deponent to

13    produce private, confidential information relating to any of the Responding Parties, including, but

14    not limited to, confidential tax return information protected by the right of privacy. *See, e.g.,*

15    *Premium Services Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) *Sandoval*

16    *v. Lagoon Assocs., LLC*, No. CV 15-04880 RGK (RAOx), 2016 U.S. Dist. LEXIS 41473, at *8

17    (C.D. Cal. Mar. 23, 2016).  Subject to and without waiving said objections, Responding Parties

18    do not object to responsive, non-confidential documents relating to 4402 Mammoth Investors,

19    LLC, the subject property, attempts to refinance the subject property, and attempts to pay off the

20    loan balance relating to the property.

21

22    DATED: October 4, 2019                    **CSREEDER, PC**

23                                                        By:_____

24                                                              Christopher S. Reeder
                                                             Benjamin S. Tragish

25                                                        **ATTORNEYS FOR ARTHUR**
                                                        **ASLANIAN, ANITA ASLANIAN, LJ**
26                                                        **PROPERTIES, INC. AND RIVERSIDE**
                                                        **INVESTORS, LLC**

27

28

7

**PROOF OF SERVICE**

**STATE OF CALIFORNIA** )
**COUNTY OF LOS ANGELES** )    ss:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 11766 Wilshire Blvd., Suite 1470, Los Angeles, CA 90025.

On October 4, 2019, I served the foregoing document described as **ARTHUR ASLANIAN AND ANITA ASLANIAN'S OBJECTION TO SUBPOENA FOR FIRST CHOICE BANK TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Michael H. Weiss, Esq.<br>6310 San Vicente Blvd., Suite 401<br>Los Angeles, CA 90048<br>Tel: 424.245.3100<br>Fax: 424.217.4160<br>mhw@mhw-pc.com | *Attorneys for Stonehaven, LLC* |
| Kevin J. Leichter, Esq.<br>Andrew W. Hewitt, Esq.<br>The Leichter Firm, APC<br>10203 Santa Monica Blvd., Fourth Floor<br>Los Angeles, CA 90067<br>Tel: 310.229.0000<br>kleichter@theleichterfirm.com<br>ahewitt@theleichterfirm.com | *Attorneys for Stonehaven, LLC* |
| Shelby Linka<br>Nadel CPA<br>shelby@nadelcpa.com | |
| Mark T. Young<br>Donahoe & Young LLP<br>25152 Springfield Court, Suite 345<br>Valencia, CA 91355<br>Tel: 661.259.9000<br>Fax: 661.554.7088<br>myoung@donahoeyoung.com | *Attorney for 4402 Mammoth Investors, LLC* |

☐ **BY MAIL:** By placing a true and correct copy of the above-described document(s) in envelope(s), addressed as set forth above, with first class postage pre-paid for delivery to the above-named persons at the above-listed addresses and depositing such envelopes in a US mail collection box.

8

**ARTHUR ASLANIAN AND ANITA ASLANIAN'S**
**OBJECTION TO AMENDED NOTICE OF DEPOSITION TO FIRST CHOICE BANK**

☐ **BY OVER NIGHT DELIVERY, VIA GOLDEN STATE OVERNIGHT:** I gave the document(s) to our overnight courier service for its daily pick-up for delivery to the offices of the addressee, addressed as set forth above.

☐ **BY PERSONAL SERVICE, VIA NATIONWIDE LEGAL ATTORNEY SERVICE:** I gave said documents to the firm's regular attorney service with specific instructions  to be personally delivered by hand to the offices of the addressee, addressed as set forth above.

☐ **BY PERSONAL SERVICE *(Ex Parte)*:** I personally delivered by hand to the attorney in attendance on behalf of the above-named counsel at the hearing of _____, in Department ___ of the _____Courthouse, _____, California.

☒ **BY ELECTRONIC MAIL:** I transmitted said document(s) to the person(s) shown above by electronic mail to the email address shown above.

☐ **BY FACSIMILE:** I faxed said document(s) to the addressee, at the specified fax numbers shown above.

☐ **COURTESY COPY BY ELECTRONIC MAIL:** I transmitted courtesy copies of said document(s) to the person(s) shown above by electronic mail to the email address shown above.

☒ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 4, 2019, at Los Angeles, California.

_____
Benjamin S. Tragish

9

**ARTHUR ASLANIAN AND ANITA ASLANIAN'S**
**OBJECTION TO AMENDED NOTICE OF DEPOSITION TO FIRST CHOICE BANK**

1  Christopher S. Reeder, Bar No. 193041
   Chris@csrlawyers.com
2  Benjamin S. Tragish, Bar No. 292188
   Ben@csrlawyers.com
3  CSReeder, PC
   11766 Wilshire Blvd., Suite 1470
4  Los Angeles, CA 90025
   Tel: (310) 861-2470
5

6  Attorneys for Arthur Aslanian, Anita Aslanian,
   LJ Properties, Inc. and Riverside Investors, LLC

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10  In re                                    | Case No. 2:18-bk-12055-WB
                                             | Chapter 11
11  4402 MAMMOTH INVESTORS, LLC,             | Adv. No. 2:19-ap-01289-WB

12              Debtor,

13  4402 MAMMOTH INVESTORS, LLC,             | **ARTHUR ASLANIAN, ANITA ASLANIAN,**
                                             | **LJ PROPERTIES, INC., AND RIVERSIDE**
14              Plaintiff                    | **INVESTORS, LLC'S OBJECTION TO**
                                             | **AMENDED NOTICE OF DEPOSITION TO**
15       v.                                  | **FIRST CHOICE BANK TO TESTIFY AT A**
                                             | **DEPOSITION IN A BANKRUPTCY CASE**
16  STONEHAVEN, LLC                          | **(OR ADVERSARY PROCEEDING)**

17              Defendant.                   | **Date:      October 8, 2019**
                                             | **Time:      10:00 a.m.**
18                                           | **Location:  6310 San Vicente Blvd.,**
                                             | **            Suite 401**
19                                           | **            Los Angeles, CA 90048**

20

21

22

23

24

25

26

27
    ///
28

                                        1
─────────────────────────────────────────────────────
                **ARTHUR ASLANIAN AND ANITA ASLANIAN'S**
    **OBJECTION TO AMENDED NOTICE OF DEPOSITION TO FIRST CHOICE BANK**

PLEASE TAKE NOTICE that Arthur Aslanian, Anita Aslanian, LJ Properties, Inc. and Riverside Investors, LLC ("Responding Parties") hereby object to Stonehaven, LLC's ("Stovehaven") Further Amended Notice of Deposition of First Choice Bank ("FCB") on the following grounds:

## GENERAL OBJECTION

Responding Parties object to Stonehaven's Matters of Examination and Requests for Production to the extent the requests are overbroad and call for the production of confidential, personal financial information related to the Responding Parties, which exceed the reasonable scope of discovery and which violate the Temporary Restraining Order executed by the Court on September 20, 2019.    Responding Parties do not object to responsive, non-confidential information relating to 4402 Mammoth Investors, LLC, the subject property, or attempts to refinance the subject property so long as the information does not require the production of private, confidential information related to Responding Parties.

## MATTERS OF EXAMINATION

**Item i) All debts owed by Debtor or Arthur Aslanian FCB.**

Objection. This request calls for the production of confidential, personal financial information related to Arthur Aslanian, which is irrelevant and exceeds the reasonable and proportional scope of discovery and which violates the Temporary Restraining Order executed by the Court on September 20, 2019. Responding Parties do not object to responsive, non-confidential information relating to 4402 Mammoth Investors, LLC, the subject property, or attempts to refinance the subject property so long as the information does not require the production of private, confidential information related to Responding Parties.

**Item ii) Loan applications filed by either Arthur Aslanian.**

Objection. This request is vague and unintelligible. Further, it calls for the production of confidential, personal financial information related to Arthur Aslanian, which is irrelevant and exceeds the reasonable and proportional scope of discovery and which violates the Temporary Restraining Order executed by the Court on September 20, 2019.  Responding Parties do not

**ARTHUR ASLANIAN AND ANITA ASLANIAN'S
OBJECTION TO AMENDED NOTICE OF DEPOSITION TO FIRST CHOICE BANK**

1   object to responsive, non-confidential information relating to 4402 Mammoth Investors, LLC, the

2   subject property, or attempts to refinance the subject property so long as the information does not

3   require the production of private, confidential information related to Responding Parties.

4   **Item iii) Any tax returns filed in past five years for Debtor, Arthur Aslanian, Anita**

5   **Aslanian, LJ Properties, LLC or Riverside Investors, LLC.**

6   Objection.  This calls for the production of confidential, personal financial information

7   related to the Responding Parties, which is irrelevant and exceeds the reasonable and proportional

8   scope of discovery and which violates the Temporary Restraining Order executed by the Court on

9   September 20, 2019. This request explicitly seeks confidential tax return information protected by

10  the right of privacy. *See, e.g.*, *Premium Services Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225,

11  229 (9th Cir. 1975) *Sandoval v. Lagoon Assocs., LLC*, No. CV 15-04880 RGK (RAOx), 2016

12  U.S. Dist. LEXIS 41473, at *8 (C.D. Cal. Mar. 23, 2016).  Responding parties specifically and

13  explicitly object to the production of any tax return information.   Responding Parties do not

14  object to responsive, non-confidential communications relating to 4402 Mammoth Investors,

15  LLC, the subject property, or attempts to refinance the subject property so long as the information

16  does not require the production of private, confidential information related to Responding Parties.

17  **Item iv) The Acquisition and Refinancing of 120 Stonehaven Way, Los Angeles, CA**

18  **90025**

19  Responding Parties object to the limited extent that this request calls for the production of

20  information requiring the production of private, confidential information related to Responding

21  Parties.  Responding Parties do not object to responsive, non-confidential information relating to

22  4402 Mammoth Investors, LLC, the subject property, or attempts to refinance the subject

23  property.

24  **Item v) Any financial statements prepared by any person for Debtor, Arthur Aslanian,**

25  **Anita Aslanian, LJ Properties, LLC or Riverside Investors, LLC**

26  Objection.  This calls for the production of confidential, personal financial information

27  related to the Responding Parties, which is irrelevant and exceeds the reasonable and proportional

28  scope of discovery and which violates the Temporary Restraining Order executed by the Court on

**ARTHUR ASLANIAN AND ANITA ASLANIAN'S**
**OBJECTION TO AMENDED NOTICE OF DEPOSITION TO FIRST CHOICE BANK**

September 20, 2019. Responding parties specifically and explicitly object to the production of any tax return information. *See, e.g.*, *Premium Services Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) *Sandoval v. Lagoon Assocs., LLC*, No. CV 15-04880 RGK (RAOx), 2016 U.S. Dist. LEXIS 41473, at *8 (C.D. Cal. Mar. 23, 2016).   Responding Parties do not object to responsive, non-confidential information relating to 4402 Mammoth Investors, LLC, the subject property, or attempts to refinance the subject property so long as the information does not require the production of private, confidential information related to Responding Parties.

## **REQUESTS FOR PRODUCTION**

**1.    All documents and communications relating to any obligation of Debtor or Aslanian to you.**

Objection. This calls for the production of confidential, personal financial information related to the Responding Parties, which is irrelevant and exceeds the reasonable and proportional scope of discovery and which violates the Temporary Restraining Order executed by the Court on September 20, 2019. Responding Parties do not object to responsive, non-confidential information relating to 4402 Mammoth Investors, LLC, the subject property, or attempts to refinance the subject property so long as the information does not require the production of private, confidential information related to Responding Parties.

**2.    All documents and communications relating to any efforts to acquire the Property, including but not limited to any loan application and any all attachments to any such applications, including but not limited to any tax returns provided to You.**

Objection. This request calls for the production of confidential, personal financial information related to the Responding Parties, which is irrelevant and exceeds the reasonable and proportional scope of discovery and which violates the Temporary Restraining Order executed by the Court on September 20, 2019.  This request explicitly seeks confidential tax return information protected by the right of privacy. *See, e.g.*, *Premium Services Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) *Sandoval v. Lagoon Assocs., LLC*, No. CV 15-04880 RGK (RAOx), 2016 U.S. Dist. LEXIS 41473, at *8 (C.D. Cal. Mar. 23, 2016). Responding parties specifically and explicitly object to the production of any tax return

1    information.   Responding Parties do not object to responsive, non-confidential communications

2    relating to 4402 Mammoth Investors, LLC, the subject property, or attempts to refinance the

3    subject property so long as the information does not require the production of private, confidential

4    information related to Responding Parties.

5        **3.**    **All documents and communications relating to any proposed or completed**

6    **renovation of the Property.**

7        Objection. This request is vague and overbroad. Responding Parties do not object to

8    responsive, non-confidential communications relating to 4402 Mammoth Investors, LLC, the

9    subject property, or attempts to refinance the subject property so long as the information does not

10    require the production of private, confidential information related to Responding Parties.

11        **4.**    **Any and all documents evidencing payments to You from either or from**

12            **Aslanian or Debtor.**

13        Objection. This request is vague and overbroad and calls for the production of information

14    related to Arthur and Anita Aslanian, which is irrelevant and exceeds the reasonable and

15    proportional scope of discovery and which violates the Temporary Restraining Order executed by

16    the Court on September 20, 2019. Responding Parties do not object to responsive, non-

17    confidential communications relating to 4402 Mammoth Investors, LLC, the subject property, or

18    attempts to refinance the subject property so long as the information does not require the

19    production of private, confidential information related to Responding Parties.

20        **5.**    **Any and all documents evidencing payments from You to or for the benefit of**

21            **Debtor or Aslanian**

22        Objection. This request is vague and overbroad and calls for the production of information

23    related to Arthur and Anita Aslanian, which exceeds the reasonable scope of discovery and which

24    is irrelevant and exceeds the reasonable and proportional scope of discovery and which violates

25    the Temporary Restraining Order executed by the Court on September 20, 2019.  Arthur and Anita

26    Aslanian do not object to responsive, non-confidential communications relating to 4402

27    Mammoth Investors, LLC, the subject property, or attempts to refinance the subject property so

28    long as the information does not require the production of private, confidential information

1   related to Responding Parties.

2       .

3

4   DATED: October 4, 2019              **CSREEDER, PC**

5                                       By:_____
                                             Christopher S. Reeder
6                                            Benjamin S. Tragish

7                                       **ATTORNEYS FOR ARTHUR
                                        ASLANIAN, ANITA ASLANIAN, LJ**
8                                       **PROPERTIES, INC. AND RIVERSIDE
                                        INVESTORS, LLC**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ARTHUR ASLANIAN AND ANITA ASLANIAN'S
OBJECTION TO AMENDED NOTICE OF DEPOSITION TO FIRST CHOICE BANK**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA          )**
**COUNTY OF LOS ANGELES     )     ss:**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 11766 Wilshire Blvd., Suite 1470, Los Angeles, CA 90025.

On October 4, 2019, I served the foregoing document described as **ARTHUR ASLANIAN AND ANITA ASLANIAN'S OBJECTION TO SUBPOENA FOR FIRST CHOICE BANK TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Michael H. Weiss, Esq.<br>6310 San Vicente Blvd., Suite 401<br>Los Angeles, CA 90048<br>Tel: 424.245.3100<br>Fax: 424.217.4160<br>mhw@mhw-pc.com | *Attorneys for Stonehaven, LLC* |
| Kevin J. Leichter, Esq.<br>Andrew W. Hewitt, Esq.<br>The Leichter Firm, APC<br>10203 Santa Monica Blvd., Fourth Floor<br>Los Angeles, CA 90067<br>Tel: 310.229.0000<br>kleichter@theleichterfirm.com<br>ahewitt@theleichterfirm.com | *Attorneys for Stonehaven, LLC* |
| Rick Shaffer<br>Law Offices of Richard S. Shaffer<br>3500 W. Olive Ave., Ste. 300<br>Burbank, CA 91505-4647<br>Tel: 818.227.5920<br>Fax: 818.227.5926<br>rick@raslaw.com | *Attorney for First Choice Bank* |
| Mark T. Young<br>Donahoe & Young LLP<br>25152 Springfield Court, Suite 345<br>Valencia, CA 91355<br>Tel: 661.259.9000<br>Fax: 661.554.7088<br>myoung@donahoeyoung.com | *Attorney for 4402 Mammoth Investors, LLC* |

7

**ARTHUR ASLANIAN AND ANITA ASLANIAN'S**
**OBJECTION TO AMENDED NOTICE OF DEPOSITION TO FIRST CHOICE BANK**

☐ **BY MAIL:** By placing a true and correct copy of the above-described document(s) in envelope(s), addressed as set forth above, with first class postage pre-paid for delivery to the above-named persons at the above-listed addresses and depositing such envelopes in a US mail collection box.

☐ **BY OVER NIGHT DELIVERY, VIA GOLDEN STATE OVERNIGHT:** I gave the document(s) to our overnight courier service for its daily pick-up for delivery to the offices of the addressee, addressed as set forth above.

☐ **BY PERSONAL SERVICE, VIA NATIONWIDE LEGAL ATTORNEY SERVICE:** I gave said documents to the firm's regular attorney service with specific instructions  to be personally delivered by hand to the offices of the addressee, addressed as set forth above.

☐ **BY PERSONAL SERVICE** *(Ex Parte)***:** I personally delivered by hand to the attorney in attendance on behalf of the above-named counsel at the hearing of _____, in Department ____ of the _____Courthouse, _____, California.

☒ **BY ELECTRONIC MAIL:** I transmitted said document(s) to the person(s) shown above by electronic mail to the email address shown above.

☐ **BY FACSIMILE:** I faxed said document(s) to the addressee, at the specified fax numbers shown above.

☐ **COURTESY COPY BY ELECTRONIC MAIL:** I transmitted courtesy copies of said document(s) to the person(s) shown above by electronic mail to the email address shown above.

☒ (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 4, 2019, at Los Angeles, California.

_____
Benjamin S. Tragish

**ARTHUR ASLANIAN AND ANITA ASLANIAN'S
OBJECTION TO AMENDED NOTICE OF DEPOSITION TO FIRST CHOICE BANK**

# EXHIBIT 5

| From: | Shelby@nadelcpa.com |
|---|---|
| To: | "Michael Weiss"; myoung@donahoeyoung.com; MGarcia@donahoeyoung.com; TWilliams@donahoeyoung.com; Ben Tragish; rick@raslaw.com; Christopher Reeder |
| Cc: | ahewitt@theleichterfirm.com; "Kevin Leichter" |
| Subject: | RE: Correct Page from Further Notice of Depositions of 4402 Mammoth.pdf |
| Date: | Tuesday, October 8, 2019 2:15:03 PM |
| Attachments: | Pages from Further Notice of Depostion of 4402 Mammoth.pdf |

Michael,

The deposition information you sent above that you and I agreed upon is for October 10 at 9am in your office, not October 8 at 2pm.

Please advise.

Shelby Linka

**From:** Michael Weiss <mhw@mhw-pc.com>
**Sent:** Thursday, October 3, 2019 2:16 PM
**To:** myoung@donahoeyoung.com; MGarcia@donahoeyoung.com; TWilliams@donahoeyoung.com; ben@csrlawyers.com; rick@raslaw.com; chris@csrlawyers.com; Shelby@nadelcpa.com
**Cc:** ahewitt@theleichterfirm.com; Kevin Leichter <kleichter@theleichterfirm.com>
**Subject:** Correct Page from Further Notice of Depositions of 4402 Mammoth.pdf

**TO PLAINTIFF 4402 MAMMOTH INVESTORS, LLC AND ITS ATTORNEYS OF RECORD:**

## DEPOSITION OF 4402 MAMMOTH INVESTORS, LLC

**PLEASE TAKE NOTICE** that, under Federal Rule of Bankruptcy Procedure 7030(b)(6), Defendant Stonehaven, LLC ("Defendant"), shall take the deposition upon oral examination of Plaintiff 4402 Mammoth Investors, LLC ("Debtor") through one or more officers, directors, agents or other representatives who shall be designated to testify on Plaintiff's behalf regarding all information known or reasonably available to Plaintiff with respect to the subject matter identified below.

This deposition shall commence on **October 10, 2019** at **9:00 a.m.** at the offices of **The Leichter Firm, 10203 Santa Monica Boulevard, 4th Floor,  Los Angeles, California 90067**, or at such other time and location as agreed upon by the parties, and shall be taken before a duly certified court reporter.  The deposition will be recorded by stenographic means and may be recorded by videotape.

NOTICE IS FURTHER GIVEN that Debtor shall bring and produce at the deposition, at the time and place specified in this notice the documents and things as more particularly described in Exhibit "A" hereto.

**NOTICE** IS FURTHER that, pursuant to Federal Rule of Bankruptcy Procedure 7030(b)(6), the matters on which examination is requested are as follows:

a. All steps that Debtor has taken to refinance 120 Stonehaven Way, Los Angeles, CA 90025 (the "Property");

b. All steps that Debtor has taken to sell the Property;

c. All of the debts scheduled by Debtor on its schedules of assets and liabilities filed in this bankruptcy case;

d. All payments by Arthur Aslanian or any other party to pay the debts or other obligations of Debtor since January 1, 2017;

e. All facts relating to Debtor's acquisition of the property;

f. All facts relating to Debtor's attempts to obtain possession of the Property;

**MICHAEL H. WEISS, ESQ.**
**PROFESSIONAL CORPORATION**
6310 San Vicente Boulevard, Suite 401
Los Angeles, CA 90048
Tel: (424) 245-3100

**EXHIBIT 6**

| From: | Shelby@nadelcpa.com |
|---|---|
| To: | "Michael Weiss"; myoung@donahoeyoung.com; MGarcia@donahoeyoung.com; TWilliams@donahoeyoung.com; Ben Tragish; rick@raslaw.com; Christopher Reeder |
| Cc: | ahewitt@theleichterfirm.com; "Kevin Leichter"; nadel@nadelcpa.com |
| Subject: | Objection - Rule 45 |
| Date: | Wednesday, October 9, 2019 2:54:21 PM |
| Attachments: | 19.10.04 Obj to Amend Subp to Nadel CPA.pdf |

Dear Mr. Weiss-

We are in receipt of an objection from counsel for the Aslanian's to the Notice of Amended Deposition for my firm (Nadel) to testify and to produce documents. Please note that we are joining into the objection, issued by counsel for the Aslanian's, pursuant to Rule 45. Therefore, we will not be producing any tax return information. Once the court makes a determination as to the objections, we will comply at that time with any Orders to Produce.

We are not privy to the temporary restraining order issued on September 20, 2019, indicted in the objection, and do not want to violate any court Orders.

Thank you for your attention to this matter.

Shelby Linka

# EXHIBIT 7

| From: | Ben Tragish |
| To: | Michael Weiss; Kevin Leichter |
| Cc: | myoung@donahoeyoung.com; MGarcia@donahoeyoung.com; Andrew Hewitt; Christopher Reeder; Yvonne Sanchez; Sherry Young |
| Subject: | RE: 4402 Mammoth Depositions |
| Date: | Wednesday, October 9, 2019 1:53:00 PM |
| Attachments: | image001.png |

Hi Michael,

We did not receive a response to the email below. Notwithstanding that we have not received notices for the proposed depositions of Mr. Aslanian, LJ Properties, or Riverside tomorrow and notwithstanding that we do have not categories of information upon which to prepare Mr. Aslanian to testify on behalf of these entities, Mr. Aslanian will plan to appear at Mr. Leichter's office at 9am tomorrow for depositions of Mr. Aslanian individually, and as the representative for LJ Properties and Riverside Investors. However, in the event Mr. Aslanian is subjected to continued harassment, intimidation, or any other improper attorney conduct, we will have no choice but to terminate the deposition. As noted below, Mr. Aslanian is being produced for seven hours of testimony, total, tomorrow.

Additionally, we would like to meet and confer with you regarding your requests for tax return information pertaining to Mr. Aslanian, Anita Aslanian, LJ Properties, and Riverside, and confidential financial statements of Mr. Aslanian and Ms. Aslanian.

The Ninth Circuit Court of Appeals recognizes a public policy against unnecessary disclosure of tax returns. *See, e.g., Premium Services Corp. v. Sperry & Hutchinson Co.,* 511 F.2d 225, 229 (9th Cir. 1975) (sustaining objection to subpoena seeking production of tax returns as to individual and his affiliated entity in anti-trust litigation); *Sandoval v. Lagoon Assocs.,* LLC, No. CV 15-04880 RGK (RAOx), 2016 U.S. Dist. LEXIS 41473, at *8 (C.D. Cal. Mar. 23, 2016) (declining to compel discovery of tax return information on grounds that the financial information sought through tax returns could be provided through other discovery methods). *Sandoval* explains that courts generally apply a two-pronged test to balance the liberal scope of discovery and the policy favoring the confidentiality of tax returns. *Id.* at 8. First, the court must find that the returns are relevant to the subject matter of the action. *Id.* Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable.' *Id.* at 8-9 [internal citations omitted].

Both the requests for tax return information and for the confidential financial information of Mr. Aslanian, Anita Aslanian, LJ Properties, and Riverside Investors are patently not relevant and proportional to the scope of the discovery for the preliminary injunction hearing. Fed R. Civ. Proc. 26(c) "underscores the extensive control that district courts have over the discovery process, authorizing courts to make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *United States v. Columbia Broadcasting System, Inc.,* 666 F.2d 364, 369 (citing 8 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 2036 at 267).

We intend to move for a protective order as to these limited issues if they cannot be resolved

promptly.  Please advise as to your availability to discuss.

**From:** Ben Tragish
**Sent:** Tuesday, October 8, 2019 12:22 PM
**To:** Michael Weiss <mhw@mhw-pc.com>; Kevin Leichter <kleichter@theleichterfirm.com>
**Cc:** myoung@donahoeyoung.com; MGarcia@donahoeyoung.com; Andrew Hewitt <ahewitt@theleichterfirm.com>; Christopher Reeder <chris@csrlawyers.com>
**Subject:** RE: 4402 Mammoth Depositions

Dear Counsel,

Our office called Nadel CPA to confirm whether there would be a witness appearance at 2pm today in light of the further amended notice today we received for Nadel CPA's deposition at 2pm at Mr. Weiss' office. We were advised Nadel CPA was never served with a notice of deposition/subpoena for today's date and did not plan to appear for a deposition today.

Furthermore, other than Mr. Leichter's vitriolic email below, we have yet to hear back from your office regarding the location for the depositions of Mr. Aslanian, LJ Properties, Inc., or Riverside Investors, LLC, and we have yet to receive notice of the proposed October 10 depositions.

Please advise.

-Ben

**From:** Kevin Leichter <kleichter@theleichterfirm.com>
**Sent:** Friday, October 4, 2019 3:15 PM
**To:** Christopher Reeder <chris@csrlawyers.com>; Ben Tragish <ben@csrlawyers.com>
**Cc:** myoung@donahoeyoung.com; MGarcia@donahoeyoung.com; Michael Weiss <mhw@mhw-pc.com>; rick@raslaw.com; Andrew Hewitt <ahewitt@theleichterfirm.com>
**Subject:** Re: 4402 Mammoth Depositions

Chris,

Your stated concerns are unfounded, in reason and in fact.  Nothing untoward has ever occurred at your client's depositions in the past, and thus no reason exists for genuine concern on your part. Accordingly, the depositions will proceed as noticed, at my office, unless you obtain a protective order from the Court, which you are welcome to seek (however unwarranted in our opinion).  *See* Rule 7026.

That said, if you have security concerns, founded or not, your client is welcome to bring a security guard, on the condition that he or she not interfere with the examination.

In short, this deposition is going forward, in the ordinary course.  We expect – and insist on -- your client's attendance absent a protective order.  If he does not attend per notice, we will seek dismissal of the adversary proceeding, and sanctions.  *See* Rule 7037.

Thank you,

Kevin

P.S. We are entitled to 7 hours for each deposition.  We are combining with the thought that the examinations will be shorter and more efficient.  But we are not being limited by our efforts at efficiency.  On a related note, we expect that 30(b)(6) will be complied with and your designee (Arthur Aslanian per your advice) will be FULLY PREPARED TO TESTIFY AS TO ALL KNOWLEDGE OF THE ENTITY. If that is the case, and there is no obstruction,  7 hours should be plenty.--K

**From:** Christopher Reeder <chris@csrlawyers.com>
**Date:** Friday, October 4, 2019 at 5:26 PM
**To:** Michael Weiss <mhw@mhw-pc.com>, Ben Tragish <ben@csrlawyers.com>
**Cc:** "myoung@donahoeyoung.com" <myoung@donahoeyoung.com>,
"MGarcia@donahoeyoung.com" <MGarcia@donahoeyoung.com>, "rick@raslaw.com"
<rick@raslaw.com>, Andrew Hewitt <ahewitt@theleichterfirm.com>, Kevin Leichter
<kleichter@theleichterfirm.com>
**Subject:** Re: 4402 Mammoth Depositions

Michael, it can be at your office if you like.  However, the client does not feel safe going to the noticed location.

**From:** Michael Weiss <mhw@mhw-pc.com>
**Date:** Friday, October 4, 2019 at 2:25 PM
**To:** Benjamin Tragish <ben@csrlawyers.com>
**Cc:** "myoung@donahoeyoung.com" <myoung@donahoeyoung.com>,
"MGarcia@donahoeyoung.com" <MGarcia@donahoeyoung.com>, "rick@raslaw.com"
<rick@raslaw.com>, Christopher Reeder <chris@csrlawyers.com>,
"ahewitt@theleichterfirm.com" <ahewitt@theleichterfirm.com>,
"kleichter@theleichterfirm.com" <kleichter@theleichterfirm.com>
**Subject:** RE: 4402 Mammoth Depositions

Mr. Tragish:

We expect the deposition to occur at Mr. Leichter's offices as noticed.

Michael H. Weiss, Esq.
Professional Corporation
6310 South San Vicente Boulevard, Suite 401
Los Angeles, CA 90048
Telephone: (424) 245-3102
Cell: (310) 913-1774

Facsimile: (424) 217-4160

**From:** Ben Tragish <ben@csrlawyers.com>
**Sent:** Friday, October 4, 2019 12:05 PM
**To:** Michael Weiss <mhw@mhw-pc.com>; Mark Young <myoung@donahoeyoung.com>; Maria
Garcia <MGarcia@donahoeyoung.com>; Rick Shaffer <rick@raslaw.com>; Christopher Reeder
<chris@csrlawyers.com>
**Cc:** ahewitt@theleichterfirm.com; Kevin Leichter <kleichter@theleichterfirm.com>
**Subject:** RE: 4402 Mammoth Depositions

Hi Michael,

As to our clients (Arthur Aslanian, Riverside, LJ Properties), we can proceed with depositions on
October 10, 2019. I understand that this date also works for Mammoth. However the total time of
the examinations combined will need to be limited to 7 hours. For reasons previously discussed in
the TRO/Preliminary Injunction briefing, we object to the depositions taking place at Mr. Leichter's
office. We request that you set the depositions at our offices just down the road in Brentwood
(11766 Wilshire Blvd., Suite 1470). We are happy to host and accommodate everyone. Please let us
know if this is agreeable.

Additionally, I am enclosing objections that will be served to your amended notices to First Choice
Bank and Nadel CPA.

-Ben

CSReeder, PC

**Benjamin S. Tragish, Esq.**
11766 Wilshire Boulevard
Suite 1470
Los Angeles, CA 90025
Direct dial: (310) 861-2474
ben@csrlawyers.com
www.csrlawyers.com

**From:** Michael Weiss <mhw@mhw-pc.com>
**Sent:** Thursday, October 3, 2019 10:35 AM
**To:** Mark Young <myoung@donahoeyoung.com>; Maria Garcia <MGarcia@donahoeyoung.com>;
Ben Tragish <ben@csrlawyers.com>; Rick Shaffer <rick@raslaw.com>; Christopher Reeder
<chris@csrlawyers.com>
**Cc:** ahewitt@theleichterfirm.com; Kevin Leichter <kleichter@theleichterfirm.com>
**Subject:** 4402 Mammoth Depositions

Dear Counsel:

Arthur Aslanian Deposition:  We propose to have this deposition at Kevin Leichter's office at 9:00 a.m. on October 10 and will be for Mr. Aslanian as PMK of 4402 Mammoth, LJ Properties, Riverside Investors and Mr. Aslanian individually.

First Choice Bank:  We propose that depo take place at my offices at 9:30 a.m. on October 8.  I expect that it will not take more than two hours.

Nadel CPA:  We propose that depo take place at my offices at 2:00 p.m. on October 8.  I expect that it will not take more than three hours.

Please also note, pursuant to the attached email that the PMK for Concord is not available for either a depo or trial.  It is our position that no one from Concord can therefore testify at trial.

Please call me as soon as possible to discuss this if you have any issues.
Otherwise I will send a revised notice of depositions out forthwith.

Michael H. Weiss, Esq.
Professional Corporation
6310 South San Vicente Boulevard, Suite 401
Los Angeles, CA 90048
Telephone: (424) 245-3102
Cell: (310) 913-1774
Facsimile: (424) 217-4160

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA**          )
3          **COUNTY OF LOS ANGELES**          )    ss:

4          I am employed in the County of Los Angeles, State of California.  I am over the age of 18
and not a party to the within action; my business address is:  11766 Wilshire Blvd., Suite 1470, Los
5          Angeles, CA 90025.

6          On October 9, 2019, I served the foregoing document described as **ARTHUR**
7          **ASLANIAN AND ANITA ASLANIAN'S OBJECTION TO SUBPOENA FOR FIRST**
**CHOICE BANK TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR**
8          **ADVERSARY PROCEEDING)** on the parties in this action by placing a true copy thereof
9          enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Michael H. Weiss, Esq.<br>6310 San Vicente Blvd., Suite 401<br>Los Angeles, CA 90048<br>Tel: 424.245.3100<br>Fax: 424.217.4160<br>mhw@mhw-pc.com | *Attorneys for Stonehaven, LLC* |
| Kevin J. Leichter, Esq.<br>Andrew W. Hewitt, Esq.<br>The Leichter Firm, APC<br>10203 Santa Monica Blvd., Fourth Floor<br>Los Angeles, CA 90067<br>Tel: 310.229.0000<br>kleichter@theleichterfirm.com<br>ahewitt@theleichterfirm.com | *Attorneys for Stonehaven, LLC* |
| Rick Shaffer<br>Law Offices of Richard S. Shaffer<br>3500 W. Olive Ave., Ste. 300<br>Burbank, CA 91505-4647<br>Tel: 818.227.5920<br>Fax: 818.227.5926<br>rick@raslaw.com | *Attorney for First Choice Bank* |
| Shelby Linka<br>Nadel CPA<br>16133 Ventura Blvd., #955<br>Encino, CA 913436<br>Shelby@nadelcpa.com | |
| Mark T. Young<br>Donahoe & Young LLP<br>25152 Springfield Court, Suite 345<br>Valencia, CA 91355<br>Tel: 661.259.9000 | *Attorney for 4402 Mammoth Investors, LLC* |

10

**ASLANIAN PARTIES' MOTION FOR PROTECTIVE ORDER**

Fax: 661.554.7088

myoung@ donahoeyoung.com

☐ **BY MAIL:** By placing a true and correct copy of the above-described document(s) in envelope(s), addressed as set forth above, with first class postage pre-paid for delivery to the above-named persons at the above-listed addresses and depositing such envelopes in a US mail collection box.

☐ **BY OVER NIGHT DELIVERY, VIA GOLDEN STATE OVERNIGHT:** I gave the document(s) to our overnight courier service for its daily pick-up for delivery to the offices of the addressee, addressed as set forth above.

☐ **BY PERSONAL SERVICE, VIA NATIONWIDE LEGAL ATTORNEY SERVICE:** I gave said documents to the firm's regular attorney service with specific instructions  to be personally delivered by hand to the offices of the addressee, addressed as set forth above.

☐ **BY PERSONAL SERVICE** *(Ex Parte)***:** I personally delivered by hand to the attorney in attendance on behalf of the above-named counsel at the hearing of _____, in Department ____ of the _____Courthouse, _____, California.

☐ **BY ELECTRONIC MAIL:** I transmitted said document(s) to the person(s) shown above by electronic mail to the email address shown above.

☐ **BY FACSIMILE:** I faxed said document(s) to the addressee, at the specified fax numbers shown above.

☐ **COURTESY COPY BY ELECTRONIC MAIL:** I transmitted courtesy copies of said document(s) to the person(s) shown above by electronic mail to the email address shown above.

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 9, 2019, at Los Angeles, California.

_____
Benjamin S. Tragish

11

**ASLANIAN PARTIES' MOTION FOR PROTECTIVE ORDER**